413 So.2d 810 (1982)
LINDSLEY HOME CARE CENTERS and Fred S. James & Co. of Florida, Inc., Appellants,
v.
Lucy E. FUSTER and the Division of Workers' Compensation, Appellees.
No. AD-98.
District Court of Appeal of Florida, First District.
April 29, 1982.
Rehearing Denied May 27, 1982.
*811 Summers Warden, Miami, for appellants.
Michael D'Agostino, Miami, for appellees.
MILLS, Judge.
The employer/carrier appeal an order finding the claimant temporarily totally disabled (TTD) and ordering payment of medical bills, costs, and attorney's fees. We affirm in part and reverse in part.
In March 1980, the claimant injured her right knee in a compensable accident. A tear of the lateral meniscus was surgically treated. She began feeling pain in her left knee and back. Although his testimony is not clear, the treating physician felt that a causal relationship existed between the accident and the subsequent pain. No expert evidence was presented as to the degree of the claimant's disability. The claimant testified that the pain was too great for her to work full time and part-time work had been unobtainable.
Once again this Court is presented with a case in which the deputy commissioner relied on the claimant's account of her injuries in answering the mixed question of medicine and subjective complaints of the degree of the claimant's disability. It is established law that the deputy can so rely when the issue does not require medical expertise but rather lies within the actual knowledge of the claimant or is readily observable by lay people. See, Square G Const. Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA 25 March 1982), and cases collected therein. The only issue is whether certain injuries are so observable. A claimant's bare complaints of continued pain so that the claimant feels unable to work is not the sort of injury that is so observable, Gilbarco, Inc. v. LeRoux, 1031 So.2d 411 (Fla. 1st DCA 1 April 1982); Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981); Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). Due to a lack of medical evidence of disability, the order is reversed and the cause is remanded for a determination of the claimant's entitlement to temporary disability, if any, based on the claimant's testing of her ability in the job market. Lehigh Corp. v. Byrd, 397 So.2d 1202 (Fla. 1st DCA 1981). The existing record shall be used.
The claimant argues that the award of her attorney's fees was authorized under Section 440.34(2)(c), Florida Statutes (1979). This issue is controlled by Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981). The award of the claimant's attorney's fees is reversed.
We have reviewed the employer/carrier's other arguments and find them to be without merit. In all other respects the order is affirmed.
LARRY G. SMITH and SHAW, JJ., concur.