PER CURIAM.
This cause is before us on appeal by the employer/carrier from a workers’ compensation order awarding temporary total disability benefits from the date of the accident and continuing, an examination, evaluation and treatment, if necessary, by Dr. German Montoya, and reserving jurisdiction to award attorney’s fees. We reverse the award of temporary total disability benefits, as there was no competent substantial evidence that claimant was unable to work subsequent to May 4, 1981.[1] See Lindsley Home Care Centers v. Fuster, 413 So.2d 810 (Fla. 1st DCA 1982). Accordingly, the Deputy Commissioner erred in awarding temporary total disability absent a showing of a bona fide work search. LeHigh Corporation v. Byrd, 397 So.2d 1202, 1204 (Fla. 1st DCA 1981).
The award of an examination and treatment “if necessary” by Dr. Montoya was also erroneous, absent a conflict in the medical evidence, as there were no allegations that authorized remedial treatment furnished was inadequate or otherwise inappropriate. See K-Mart Corporation v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979). The claimant produced no evidence that further evaluation was reasonably required by the nature of his injury. Section 440.-13(1), Florida Statutes; Bryant v. Elberta Crate & Box Co., 156 So.2d 844 (Fla.1963).
Accordingly, the order below is REVERSED.
BOOTH, WENTWORTH and WIGGIN-TON, JJ., concur.

. On this date, the employer/carrier stopped voluntarily paying temporary total disability benefits.