418 So.2d 396 (1982)
HARPER PLUMBING & HEATING and Hewitt, Coleman & Associates, Inc., Appellants,
v.
Thomas BOYD, Appellee.
No. AI-421.
District Court of Appeal of Florida, First District.
August 18, 1982.
Robert C. Barrett of Cooper & Rissman, Orlando, for appellants.
J. David Parrish of Hurt & Parrish, and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal by the employer/carrier from a workers' compensation order awarding temporary partial and total disability benefits resulting from an industrial accident of June 20, 1980, and finding claimant entitled to a reasonable attorney's fee and costs. The employer/carrier contends that the deputy's finding that claimant did not voluntarily limit his income pursuant to Section 440.15(4)(b), Florida Statutes, is not supported by competent substantial evidence, and that the *397 deputy further erred in finding claimant's attorney entitled to a fee. We reverse.
The deputy may rely on the claimant's account of his ability to work when this issue "does not require medical expertise but rather lies within the actual knowledge of the claimant or is readily observable by lay people." However, a claimant's "bare complaints of continued pain so that the claimant feels unable to work is not the sort of injury that is so observable" and is insufficient in itself. Lindsley Homecare Centers v. Fuster, 413 So.2d 810, 811 (Fla. 1st DCA 1982). See also Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). Here as the claimed inability to work was not readily observable, claimant's testimony that he did not feel capable of working his scheduled hours was insufficient. The order failed to specify any reason for rejecting the uncontroverted testimony of claimant's physicians that he was "more than capable" of performing light work as a night watchman.[1] Therefore, the deputy's finding that claimant did not voluntarily limit his income pursuant to Section 440.15(4)(b), Florida Statutes, is not supported by competent substantial evidence and must be reversed. The cause is remanded for a determination of claimant's temporary partial disability benefits based on the wages he would have earned as a night watchman had he not voluntarily limited the hours he worked.
The deputy's finding that the employer/carrier acted in bad faith in computing claimant's temporary partial disability benefits is also unsupported by competent substantial evidence. The servicing agent's conclusion that claimant was voluntarily limiting his income by working fewer hours was reasonable under the circumstances of this case. Where reasonable excuse exists for the nonpayment of benefits, an award of attorney's fees on the basis of bad faith is not proper simply because the deputy disagrees with the employer/carrier's assessment of claimant's condition and later determines that benefits should have been paid. Walt Disney World Company v. May, 397 So.2d 1003 (Fla. 1st DCA 1981). Therefore, the deputy's finding of bad faith and of the claimant's entitlement to an attorney's fee is reversed.
REVERSED and REMANDED for proceedings in accordance with this opinion.
MILLS, BOOTH and THOMPSON, JJ., concur.
NOTES
[1] The employer/carrier obtained the job as a night watchman for claimant, paying $5.00 per hour. The position required an average of approximately 30 hours work per week and involved no climbing, lifting, bending, or walking over rough terrain. The claimant's duty was to walk around property the approximate size of a football field at irregular intervals and to punch in on two clocks. When not walking, he remained in an enclosure which was lighted and heated, and was provided with a chair to enable him to sit or stand as he desired. Dr. madison, claimant's treating orthopedic surgeon, stated that claimant was "more than capable" of performing this job, and there is no medical evidence whatsoever that the position exceeded claimant's physical restrictions. Nevertheless, after approximately one month on the job, claimant began to miss work, and conceded that he sometimes left the premises unsecured without contacting supervisors to advise he was leaving. After repeated warnings, claimant was eventually terminated for excessive absenteeism.