MILLS, Judge.
The employer/carrier (E/C) in this workers’ compensation proceeding appeal the deputy commissioner’s order directing them to pay wage-loss benefits, to furnish An-thon with an EMG, and to pay interest, costs, and a ten percent penalty. We affirm.
Anthon has shown a change in employment status due to her injury and an adequate and good faith work search. Once this evidence has been presented by the employee, the burden of proving that the employee has refused work or has voluntarily limited his or her income is on the employer. Regency Inn v. Johnson, 422 So.2d 870 (Fla.lst DCA 1982). Because the E/C did not meet this burden the deputy commissioner did not err in awarding wage-loss benefits.
Nor did the deputy commissioner err in directing the E/C to pay for an EMG. There was expert testimony that one or a combination of Anthon’s injuries caused damage to her median nerve. Therefore, there is competent, substantial evidence to support that portion of the order.
Next, the E/C contend that the deputy commissioner erred in retaining jurisdiction to award attorney’s fees because there was no finding of bad faith. This argument is without merit because the deputy commissioner must make any finding of bad faith through a separate factfinding proceeding. Section 440.34(2)(b), Florida Statutes (1979).
Finally, the deputy commissioner did not err in awarding interest, costs, and a ten percent penalty. Sections 440.34(2) and 440.20(7), Florida Statutes (1979).
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.