427 So.2d 1093 (1983)
PAUL LAWHON PLUMBING COMPANY and CNA Insurance Company, Appellants,
v.
Jack E. CAVE, Appellee.
No. AM-413.
District Court of Appeal of Florida, First District.
March 15, 1983.
Richard A. Valeri and Susan R. Whaley, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Joseph L. Thury, of Antinori & Thury, P.A., Tampa, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order finding that appellee has suffered a wage loss for which he is due workers' compensation benefits and rehabilitation. We reverse.
Appellee is a forty-one year old male with an eighth grade education and a work history as a common laborer and a truck driver. On May 14, 1980, while employed by Paul Lawhon Plumbing Company installing septic tanks, he was struck by a back hoe and received injuries to his left knee and back. His treating physician determined that he reached maximum medical improvement on July 24, 1981, with a 10 percent permanent partial impairment. Paul Lawhon Plumbing Company offered appellee the opportunity to return to work, doing light duty jobs within his restrictions, such as putting up plumbing fittings, working in the shop, raking leaves, and cutting the grass, at his *1094 former rate of pay, $150 a week. Appellee refused to accept the job, stating that he did not want to return to work with that employer because he was afraid he would be hurt again due to the unsafe condition of the large equipment. The evidence indicates, however, that the offered job would not involve contact with the large equipment.
Appellee testified that he had filed two applications for employment and had made approximately 100 phone calls seeking work, but he could remember the names of only two of the places he called. His two applications for employment were for jobs which are beyond his restrictions. As soon as he was released to return to work, appellee accepted a job with his landlady, doing odd jobs and yard work around her boarding house, in exchange for his room and board, which amounted to approximately $65 per week.
From the evidence presented, the deputy commissioner found that appellee did make a good faith job search; that "from common knowledge" plumbing work is heavier than actually described by Mr. Lawhon; that appellee had a fear of returning to his former employment because he did not want to be hurt again and "it is for this reason I excuse claimant's refusal of returning." The deputy commissioner found that appellee is entitled to wage-loss benefits from September 17, 1981, to present and continuing based on the $65 per week he receives from his landlady. He also found that appellant should be placed in a rehabilitation program provided by appellants.
Our review of the record leads us to the conclusion that the deputy commissioner's award is not supported by competent, substantial evidence. Appellee's job search was inadequate and his flat refusal to return to work for Lawhon, based on his unfounded speculation that he would be subjected to safety hazards, was unjustified and amounted to voluntarily limiting his income, as proscribed by Section 440.15(4)(b), Florida Statutes (1981). Therefore, appellee did not meet his burden to show entitlement to wage-loss benefits and rehabilitation.
REVERSED.
BOOTH and NIMMONS, JJ., concur.