435 So.2d 918 (1983)
Arc KYLE and CNA Insurance Group, Appellants,
v.
Edward DAVIS, Appellee.
No. AO-269.
District Court of Appeal of Florida, First District.
July 22, 1983.
Rehearing Denied August 17, 1983.
*919 Wendell J. Kiser, P.A. of Akerman, Senterfitt & Eidson, Orlando, for appellants.
David M. Hammond, P.A., Orlando, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's award to appellee of wage-loss benefits from March through June, 1982, rehabilitation benefits, and attorney's fees. We reverse.
Appellee Davis, a forty-four year old Jamaican, injured his back in a work related accident on September 3, 1981. His first treating physician, Dr. Blumen, an orthopedic surgeon, diagnosed a small herniated disc, felt that Davis "had marked overlay and magnification of his symptoms," gave Davis a 10 percent permanent impairment rating as of December 15, 1981, and restricted him from doing heavy labor. In February, 1982, Davis saw another orthopedic surgeon, Dr. Stanford, who also assigned him a 10 percent permanent impairment rating and restricted him from heavy lifting and repeated bending and climbing.
On February 25, 1982, Davis returned to work with employer in a light duty position. He worked in that capacity for almost two days before he left complaining of back pain. In early March he sought light work with other employers. On March 15, he returned to work with the employer and was assigned a sheltered job within his medical restrictions counting pipe, which required him to carry a pad of paper and pencil and a measuring tape to measure the diameters of the pipe. No deadlines or time limits were placed on him and a chair was moved around the pipe yard for him so that he could rest as often as he desired. He did not return to work the next day. According to his testimony, he could not perform the work due to pain.
On April 16, Davis was seen by Dr. Gilmer, an orthopedic surgeon, who observed that "there is a definite element of conscious or unconscious exaggeration of his complaint... . A definite conclusion as to whether or not he has a real problem is therefore difficult to make. I do not believe he has any permanent impairment based upon this examination." Dr. Gilmer stated that he understood Davis had been offered work counting pipe and would be provided a chair to sit in whenever he felt he needed to rest. He opined: "I see no reason why this man could not perform this type of work. I would recommend that he not do heavy manual labor at this time."
During the next several months, Davis returned to employer to perform the sheltered job approximately five times and each time, after working several hours, left complaining of back pain. He unsuccessfully sought work elsewhere during that time, but most of the employers he contacted had no jobs available. According to the employer's testimony presented at the hearing, the light work was still available for Davis at his pre-injury rate of pay.
*920 Specifically noting the job search conducted by Davis, the deputy commissioner awarded wage-loss benefits from March 1 through June 30, 1982. He found that in good faith Davis attempted to perform the sheltered employment offered by the employer but was unable to do so. He further found Davis in need of rehabilitation and due reimbursement for costs incurred in obtaining the awarded benefits.
Wage-loss benefits are not awardable when a claimant has voluntarily limited his income. Section 440.15, Florida Statutes, Harper Plumbing and Heating v. Boyd, 418 So.2d 396 (Fla. 1st DCA 1982), and Paul Lawhon Plumbing Co. v. Cave, 427 So.2d 1093 (Fla. 1st DCA 1983). A claimant's "bare complaints of continued pain so that the claimant feels unable to work" is not a condition that is "readily observable by lay people." Such evidence is insufficient to override medical testimony to the contrary and to prove inability to work. See Harper Plumbing and Heating. In this case, as in Harper Plumbing and Heating, the deputy commissioner failed to specify any reason for rejecting the uncontroverted medical evidence that appellee could perform the job offered and that the sheltered employment met the restrictions imposed by the doctors. Since the evidence in the record shows that Davis voluntarily limited his income, the award of wage-loss benefits was error. See also Paul Lawhon Plumbing Co.
The parties agree that Davis is not a candidate for rehabilitation and that the award of those benefits was error. Since Davis was not entitled to the benefits awarded, he was not entitled to reimbursement of his costs and therefore that award is also reversed.
REVERSED.
THOMPSON, J., concurs.
ERVIN, C.J., concurs in part, and dissents in part, with written opinion.
ERVIN, J., concurring in part and dissenting in part.
I would sustain the award of wage-loss benefits, but otherwise concur in the majority's opinion. It is my understanding that absent medical testimony that claimant is unable to work, he is required to conduct a work search. Sanlando Utility Corporation v. Morris, 418 So.2d 389 (Fla. 1st DCA 1982); Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275, 276 (Fla. 1st DCA 1981); Pompano Roofing Co., Inc. v. O'Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
We have interpreted the requirement of Section 440.15(3)(b)2, Florida Statutes (1979), placing "the burden ... on the employee to establish that any wage loss claimed is the result of the compensable injury ...", as meaning the injured employee is first required to prove a good faith attempt to obtain employment commensurate with his ability and to show that he has not voluntarily limited his income. Regency Inn v. Johnson, 422 So.2d 870, 876 (Fla. 1st DCA 1982). Once the employee presents such evidence, the employer shoulders the burden of proving that the employee has refused work or voluntarily limited his income. Id.
As long as the deputy complies with the work search parameters set forth in Regency Inn, I think the adequacy of a work search is best left to him  not to a reviewing court. Here, as in Regency Inn, the claimant presented evidence showing not only that he was unable to carry out the limited physical requirements of his sheltered employment, but also that he made repeated requests for other employment. The employer, in my judgment, was then required to prove that the claimant voluntarily limited his income, not only as to the work offered to him by it, but also as to the search conducted by him. The deputy concluded from the evidence that the employer did not meet its burden, and I would affirm. See also South Florida State Hospital v. Anthon, 423 So.2d 461 (Fla. 1st DCA 1982).