SHIVERS, Judge.
The employer/carrier in this workers’ compensation case appeal the deputy commissioner’s order which awards claimant wage-loss benefits. We affirm.
Claimant injured his back in a compensa-ble accident on May 15, 1981. Dr. McCarthy, a treating physician, opined that claimant is 10% permanently impaired to the body as a whole as a result of his industrial accident. Dr. McCarthy also opined that, as a result of his accident, claimant is not capable of doing anything but light sedentary work, that claimant could not sit for more than an hour or two at a time, and that claimant is capable of walking only short distances.
The deputy herein accepted Dr. McCarthy’s opinion that claimant has a ratable permanent impairment in an order entered on November 12, 1982. In that same order, the deputy denied claimant’s claim for wage-loss benefits for the period of June 25, 1982, through October of 1982. The deputy found that claimant had voluntarily limited his employment during this period of time and that claimant did not make a good faith effort to return to work. No appeal was taken from that order.
Subsequent to the deputy’s order, claimant went through a rehabilitation program at Goodwill. Goodwill found claimant a full-time job with Apcoa working as a ticket taker and cashier at a local airport parking lot. This job allows claimant to stand and sit as he pleases. Claimant testified that he is capable of performing this job, although he still experiences pain. Claimant’s supervisor testified that she has observed claimant in pain while attempting to perform such tasks as inventorying the parking lot or putting on gates. She therefore does not require claimant to perform these tasks as part of his job. Claimant testified that he has not sought other em *1121 ployment since beginning his job with Ap-coa.
Claimant made claim for wage-loss benefits for the period of November of 1982 through November of 1983. The employer/carrier defended on the basis that claimant voluntarily limited his income during this period of time and that claimant made an inadequate work search. In the order on review, the deputy found that claimant satisfied his job search requirement by in fact looking for, finding, and accepting employment commensurate with his job skills, his physical ability, and the disability resulting from the industrial accident. The deputy found that the burden therefore shifted to the employer/carrier to show that claimant was not making the highest and best use of his skills within his disability or that claimant is not in fact disabled. Claimant was awarded the wage-loss benefits requested.
The employer/carrier contend that the deputy’s order is error. The employer/carrier assert that claimant had a duty to continue a job search for a position more in keeping with his prior salary and that because claimant admitted he had stopped searching for work after obtaining a job with Apcoa, it was established that claimant voluntarily limited his income. We disagree.
Section 440.15(3)(b)2, Florida Statutes (1980), provides that:
The amount determined to be the salary, wages, and other remunerations the employee is able to earn after reaching the date of maximum medical improvement shall in no case be less than the sum actually being earned by the employee, including earnings from sheltered employment. In the event the employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the salary, wages, and other remuneration the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his income or accepted appropriate employment. Whenever a wage-loss benefit as set forth in subparagraph 1. may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury.
Here, we find and hold that claimant met his burden of proof to establish that the wage loss claimed was the result of his compensable injury. See generally Topeka Inn Management v. Pate, 414 So.2d 1184 (Fla. 1st DCA 1982) (this court finding that a claimant’s claimed wage loss during two periods of time in which the claimant worked as a CETA secretary and a nurse’s aide, respectively, was the result of the claimant’s compensable injury, as both the jobs were within the claimant’s prescribed physical limitations and commensurate with the claimant’s abilities). Sub judice, the testimonies of claimant, claimant’s supervisor, and Dr. McCarthy, established a prima facie case that claimant had obtained employment commensurate with his ability and that he had not voluntarily limited his income. See Regency Inn v. Johnson, 422 So.2d 870, 876 (Fla. 1st DCA 1982), petition for rev. denied, 431 So.2d 989 (Fla.1983); See also Kyle v. Davis, 435 So.2d 918, 920 (Fla. 1st DCA 1983) (Ervin, J., concurring in part and dissenting in part). It was then incumbent upon the employer/carrier, if it wished to overcome claimant’s prima facie case, to show that claimant refused work or voluntarily limited his income. Id. The testimony of claimant that he had not looked elsewhere for work since obtaining the job at Apcoa, without more, did not satisfy the employer/carrier’s burden. Accordingly, the deputy’s order is AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.