JOANOS, Judge.
Claimant appeals a workers’ compensation order denying his claim for wage loss benefits. The sole issue presented for our consideration is whether the deputy commissioner erred in finding that the claimant voluntarily limited his income. We reverse.
On January 7, 1987, claimant injured his back in the course of his employment as a long haul truck driver. Claimant’s education includes graduation from high school, and some course work at the junior college level. His work experience involves jobs as a cab driver and as a police officer for the City of Bradenton, in addition to his former job as a truck driver for Interstate Truckers, Inc., the employer herein.
The record reflects that claimant was released to light duty work, with lifting restrictions of fifty to seventy-five pounds. Dr. Kurzner, claimant’s treating orthopedic surgeon, testified that it will be very difficult for claimant’s back to heal fully, and any major lifting would aggravate his condition. The doctor further testified that claimant should not return to truck driving, or to any other comparable occupation which involves heavy lifting. According to Dr. Kurzner, claimant does not have a permanent impairment under the AMA Guides, which base impairment solely on range of motion. Dr. Kurzner testified, however, that claimant has an impairment rating of three to ten percent, under the provisions of the orthopedic guidelines.
Prior to his work release, claimant received a termination letter from the employer, Interstate Truckers. According to claimant’s testimony, when Dr. Kurzner released him to temporary light duty, he applied for a few jobs, but found no one wanted to discuss employment with him during the pendency of his workers’ compensation claim. He then obtained a job as a cab driver, and has not looked for other jobs since beginning employment with the cab company. Claimant testified that he had not gone to the Florida State Employ *409 ment Office, because of his understanding that he was to remain on light duty until released by his doctor.
In the order denying wage loss benefits, the deputy found that claimant failed to conduct a job search “but rather accepted the first job offered to him.” The deputy further found that claimant had voluntarily limited his income by accepting a job which was substantially below his “physical, vocational and mental ability.”
The employee seeking wage loss benefits bears the initial burden of establishing that any wage loss claimed is the result of the compensable injury. § 440.15(3)(b)2, Fla.Stat. (1985); D.L. Amici Company v. Jackson, 444 So.2d 978, 979-980 (Fla. 1st DCA 1983), petition for review denied, 451 So.2d 848 (Fla.1984). The employee satisfies this initial burden by (1) presenting evidence of a good faith, though unavailing work search, Lakeland Construction Company v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983); Lasher Milling Company v. Brown, 427 So.2d 1034 (Fla. 1st DCA 1983), or (2) obtaining and performing a full-time job. Coq v. Fuchs Baking Company, 507 So.2d 138 (Fla. 1st DCA 1987); City of Miami v. Simpson, 496 So.2d 899 (Fla. 1st DCA 1986), review denied, 506 So.2d 1043 (Fla.1987); Adart South Polybag Manufacturing, Inc. v. Goldberg, 495 So.2d 826 (Fla. 1st DCA 1986); Griner-Woodruff, Inc. v. Payne, 457 So.2d 1120 (Fla. 1st DCA 1984); Stahl v. Southeastern X-Ray, 447 So.2d 399 (Fla. 1st DCA 1984).
Once the employee presents evidence of a good faith, albeit unsuccessful, work search or evidence that he is engaged in full-time employment, the burden shifts to the employer to prove that the employee voluntarily limited his income. City of Miami v. Simpson, 496 So.2d at 901; Stahl v. Southeastern X-Ray, 447 So.2d at 401, n. 4; D.L. Amici Company v. Jackson, 444 So.2d at 979-980. Thus, in City of Miami v. Simpson, when the claimant reentered the job market and became employed at a lesser rate of pay than he had received in his prior employment, he became eligible for wage loss benefits, since he had satisfied his initial burden of establishing that any wage loss was the result of the compensable injury. The burden then shifted to the employer to present affirmative proof that Simpson refused work or voluntarily limited his income. 496 So.2d at 901. In other words, once a claimant has looked for, found, and accepted employment commensurate with his job skills, his physical ability, and the disability resulting from the accident, it becomes incumbent upon the employer/carrier to show that the claimant is not making the highest and best use of his skills within the limits of his disability. Griner-Woodruff, Inc. v. Payne, 457 So.2d at 1121. The employer/carrier’s burden is not met simply by showing that the claimant has not looked elsewhere for work since obtaining employment. Id. See also Coq v. Fuchs Baking Company, 507 So.2d at 141, holding that “in the absence of evidence that the claimant has voluntarily limited his income, a claimant, by finding and holding a job, is considered to have performed the equivalent of a work search.”
The record in this case reflects that, due to the lifting restrictions and limitations resulting from his compensable injury, the claimant is precluded from returning to his former employment as a long distance truck driver. Moreover, since the employer terminated claimant’s employment before he was released to light duty work, he was entitled to assume that the employer did not propose to offer him sheltered or light employment.
In the circumstances, we conclude that by obtaining and performing a job commensurate with his prior work experience and his physical limitations, which limitations resulted from the industrial accident, the claimant met his initial burden of showing that the wage loss claimed was the result of the compensable injury. To refute that showing, it was incumbent upon the employer/carrier to present evidence that the claimant refused work or voluntarily limited his income. No such proof was adduced in this case.
Accordingly, the deputy’s denial of wage loss benefits is reversed, and the cause is *410 remanded for entry of an order awarding wage loss benefits for the appropriate time period.
BOOTH and MINER, JJ., concur.