ERVIN, J.,
concurring and dissenting.
I would affirm the order of the judge of compensation claims (JCC) in its entirety. It is unclear on what basis the majority has reversed the award of temporary partial disability (TPD) benefits for nearly three weeks following claimant’s termination from employment. If the majority considers that reversal is required because claimant’s termination occurred as a result of a reason unconnected with his work-related injury, the rule is firmly established that such fact alone does not disen-title an employee from disability benefits. See Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 683-84 (Fla. 1st DCA 1997) (en banc). It must also be decided whether claimant satisfied his burden of establishing a causal connection between the injury and loss of earning capacity after termination. See Jefferson v. Wayne Dalton Corp., 793 So.2d 1081, 1084 (Fla. 1st DCA 2001). In my judgment, claimant has made such showing.
The record discloses that claimant, Glenn Botts, was involved in a work-related traffic accident on March 12, 2001, and suffered injuries to his neck, left wrist, left elbow and scapula. These injuries, according to the treating physician, Dr. John A. Ortolani, a board-certified neurologist, resulted in a left-side herniated disc, bilateral carpal tunnels and a cervical radiculopa-thy of C6-7. Dr. Ortolani opined that claimant could continue working for the employer only in a light-duty capacity, and he specifically restricted him from heavy lifting, from the date of March 19, 2001, claimant’s first office visit, until the date of maximum medical improvement, July 5, 2001. The physician’s testimony provided the foundation for the JCC’s award of TPD benefits during such time span. Dr. Ortolani further opined that claimant had a ten-percent impairment rating, which the JCC also accepted in awarding claimant impairment benefits.[1] Finally, based on the physician’s opinion that the injuries to claimant’s hands might require surgery in the future, the JCC authorized an evaluation to be conducted with a hand surgeon.[2]
In addition to the medical evidence, claimant testified that following the accident the employer reduced his work schedule from 60 hours per week to 36 hours. And, although he found full-time employment after he had been terminated on June 15, 2001, he continued to experience neck and upper-left-extremity pain. I believe it reasonably clear from my review of the record that claimant established the requisite nexus between his compensable injury and the wage loss claimed. Indeed, the majority’s opinion acknowledges the sufficiency of such proof as to the TPD benefits requested before claimant’s separation from employment.
If the majority considers that claimant failed to establish his burden of showing entitlement to wage loss thereafter because of his acquisition of post-termination employment, I would answer that the burden of presenting such evidence was not on claimant, but on the employer. This court has recognized that a claimant may satisfy his or her initial burden of establishing a causal nexus between the industrial injury and the economic loss by, among other things, finding and obtaining a full-time job. Waterman v. Interstate *579 Truckers, Inc., 545 So.2d 408, 409 (Fla. 1st DCA 1989). Once the initial burden of demonstrating entitlement to benefits resulting from a change in employment status due to a compensable injury is met, the burden shifts to the employer/earrier (E/C) to produce evidence showing that claimant’s post-termination wage-earning capacity was unaffected by the work-related accident.
This court first described the burden-production procedure in an opinion over 20 years ago:
[T]he burden of proof provision[3] is to require the employee to go forward with evidence showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and to show that he or she has not voluntarily limited his or her income or failed to accept employment commensurate with his or her abilities. Once this evidence has been presented by the employee, the burden of proving that the employee has refused work or voluntarily limited his or her income is on the employer.
Regency Inn v. Johnson, 422 So.2d 870, 876 (Fla. 1st DCA 1982) (on reh’g en banc).
The E/C has failed to present any evidence showing what claimant’s post-termination wages were with other employers. Despite claimant’s evidence clearly establishing a disabling, work-related injury, the E/C maintains that claimant’s evidence did not establish a causal connection between his injury and the resulting loss of wage-earning capacity for any of the time which benefits were ordered. The majority, however, has concluded that claimant complied with his obligation in regard to the award of TPD benefits for the period of time preceding his termination from employment; yet, it reverses the award for the time thereafter without requiring the E/C to present any evidence that the employee either refused work commensurate with his ability to work, or voluntarily limited his income by accepting work at a rate of compensation less than that which he was capable of earning. In fact, the E/C has offered no evidence at all revealing what wages claimant received during the time the majority has determined to reverse the award.
Because claimant met his initial burden of showing that his change in employment status was brought about by the industrial accident, the burden of producing evidence to the contrary was thereafter placed on the E/C. In that the E/C offered no such evidence, the order, in my judgment, should be affirmed in all aspects.

. The employer/carrier does not challenge this finding on appeal.

. This authorization also has not been contested.

. Former section 440.15(3)(b)(2), Florida Statutes (1979). Although this provision has since been deleted, the burden-of-production requirement remains. See Stewart v. CRS Rinker Materials Corp., 855 So.2d 1173 (Fla. 1st DCA 2003); Vencor Hospital v. Ahles, 727 So.2d 968 (Fla. 1st DCA 1998).