473 So.2d 839 (1985)
MILLO TRASH SERVICE CO. and Fireman's Fund American Insurance Co., Appellants,
v.
Julian MILLO, Appellee.
No. BA-217.
District Court of Appeal of Florida, First District.
August 13, 1985.
*840 Barry A. Pemsler of Richard & Pemsler, Miami, for appellants.
R. Cory Schnepper of Levin, Busch, Schnepper & Stein, and Jay M. Levy of Hershoff & Levy, Miami, for appellee.
NIMMONS, Judge.
The employer/carrier appeal from an order awarding wage-loss benefits to the claimant who was president and sole shareholder of the employer, a closely held corporation engaged in a garbage collection business. We affirm.
This 57-year-old claimant came to this country in 1969 and started Millo Trash Service six months later. He sustained an injury to his non-dominant hand on November 2, 1981. A year later, he reached maximum medical improvement with a 9% body-as-whole permanent impairment. Before his injury, the claimant drove a 13-gear stick shift, 19-ton truck. He also had to push half-ton garbage tanks and was the mechanic for three garbage trucks. Although there was conflicting evidence, the deputy's finding that the claimant was not able to perform the same duties as before the accident is supported by competent substantial evidence. The E/C's attack on that ground is therefore unavailing.
In view of the restrictions imposed by his permanent injury, the claimant, in effect, created a job for himself which basically involved answering the telephone, purchasing materials and supervising the employees, for which he was paid the sum of $200 per week. His average weekly wage prior to the accident was $430. The E/C asserts that the claimant, being in control of the corporation, established a salary level in an amount appreciably less than the value of his services and that during the nine-month period for which the claimant was seeking wage loss, the corporation prospered, showing substantially greater profits than previously, which profits, of course, inured to the claimant's pecuniary benefit. Thus, the E/C argues, the claimant voluntarily limited his income.[1]
The deputy found that the $200 weekly wage paid to the claimant after his return to work was fair remuneration for the work performed by the claimant. The record contains evidence supportive of such conclusion. Moreover, although the record is not entirely clear as to all of the duties performed by the claimant before the injury and those performed after his return to work, the record is certainly susceptible to the finding that the services performed after his return to work were appreciably different than those performed pre-injury and of less value to the company. Further, the deputy did not err in refusing to add the corporate profits to the $200 per week wages in determining wage loss. Cf. H.G. Boddiford Painting Contractors, Inc. v. Boddiford, 426 So.2d 1243 (Fla. 1st DCA 1983).
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] It should be noted that the E/C has not contended that the claimant was obligated to seek more remunerative employment elsewhere. We have, therefore, not considered any such contention in reaching our decision.