490 So.2d 1352 (1986)
CUSTOM PAINTS and Cigna Insurance Company, Appellants,
v.
Maurice PHILBRICK, Appellee.
No. BJ-214.
District Court of Appeal of Florida, First District.
July 9, 1986.
Michael S. Hayworth of Fowler, White, Gillen, Boggs, Villareal and Banker, St. Petersburg, for appellants.
Ellen H. Lorenzen of Morris and Rosen, Tampa, for appellee.
SMITH, Judge.
The employer/carrier appeal an order of the deputy commissioner awarding temporary total disability (TTD) benefits or temporary partial disability (TPD) benefits or wage loss benefits. We note at the outset that the deputy's order is deficient in that it fails to set forth both the specific benefits awarded and the dates covered by each award. Sambo's Restaurant v. Horn, 381 So.2d 330 (Fla. 1st DCA 1980).
*1353 Claimant, a painter, suffered a compensable back injury on March 15, 1984, as the result of carrying heavy cans of paint up a stepladder. He was treated by several physicians, one of whom gave claimant a 5% disability rating under the AMA Guidelines as of April 25, 1985. Despite conflicting evidence, we accept the deputy's finding that claimant is no longer able to paint.
Claimant sought TTD or TPD benefits from November 7, 1984, to February 28, 1985. The deputy found that, although there was no medical evidence of claimant's inability to work during this period, claimant was still entitled to benefits, since he had conducted an adequate job search. The record does not support the deputy's latter finding in light of claimant's testimony that he was mostly resting during this period, even though his doctor had told him to return to full-time work.
The next period for which claimant sought disability or wage loss benefits was from May 1, 1985, to August 31, 1985. The deputy again found the absence of medical evidence of claimant's inability to work, except for a two-week period in August during which time claimant suffered a temporary exacerbation of his back injury resulting in TTD. This finding is supported by the record, as well as the deputy's finding of an adequate job search for the remainder of the month of August. We agree with the deputy's ruling that claimant was totally disabled for two weeks during August 1985, based on medical testimony, and that he was entitled to wage loss based on an adequate job search during the remainder of that month.
However, the deputy also found that claimant's attempt to establish a lunch wagon business, from May through July 1985, was bona fide and not an effort to voluntarily limit his income. We find this was error. Claimant testified to the absence of a job search during this period. We hold that the attempt to establish a new business, under the circumstances presented here, was not a substitute for the requirement of an adequate job search. Thus, we agree with the employer/carrier that claimant, on the record before us, must be found to have voluntarily limited his income by operating the lunch wagon in lieu of seeking employment or rehabilitation.
The deputy has not found, nor does the evidence establish, that claimant was unable to do any type of work for which he could expect remuneration in the market place for the period from May 1, 1985, through July 31, 1985. Claimant may be compensated for wage loss for this period, if at all, based only on a finding that the lunch wagon work established the extent of his employability, in which event it would also be necessary for the claimant to establish the reasonable value of such work in order to receive any proven wage loss over and above his "deemed earnings."[1]Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985). We remand to the deputy commissioner for the purpose of reconsideration of the claim for this period, including the receipt of further evidence at his discretion.
REVERSED and REMANDED with directions.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] In Millo Trash Service Co. v. Millo, 473 So.2d 839 (Fla. 1st DCA 1985), citing H.G. Boddiford Painting Cons. v. Boddiford, 426 So.2d 1243 (Fla. 1st DCA 1983), we held that business profits are not earnings for the purpose of determining wage loss. Conversely, it follows that neither can business losses be a justification for nonpayment of wages to an owner-employee. If a business venture, like the one herein, proves unsuccessful, the owner-employee will be deemed to have earned the same amount which he could have earned on the open job market.