491 So.2d 1220 (1986)
BARON TRANSPORT and Claims Center, Appellants,
v.
Teddy P. RILEY, Appellee.
No. BI-401.
District Court of Appeal of Florida, First District.
July 22, 1986.
Jack A. Langdon of Jack A. Langdon, P.A., Gainesville, for appellants.
Daniel L. Hightower of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order awarding certain workers' compensation benefits to appellee. We find that the record supports the deputy commissioner's conclusions in all respects and therefore we affirm. However, we believe that paragraph one of the decretal portion of the order needs clarification.
Paragraph one of the order provides: That Dr. Harry Jones is authorized to evaluate and treat, if necessary, the claimant for physical problems related to his on-the-job accident.
The parties have stipulated that appellee had reached maximum medical improvement from his orthopedic injuries by January 29, 1985. The record also shows, and other portions of the order relate to the fact that appellee remains in need of certain palliative care for the relief of pain due to his orthopedic injuries. Palliative treatment for the relief of pain is awardable after a claimant has attained maximum medical improvement. Professional Administrators v. Macias, 448 So.2d 1159 (Fla. 1st DCA 1984). Since the deputy commissioner's order in regard to authorization of Dr. Jones is unclear as to the type of treatment awarded, we feel the need to clarify that portion of the order, especially since the record does not support a need for further remedial care at this time. We *1221 thereby interpret paragraph one as authorizing only palliative treatment by Dr. Jones.
AFFIRMED.
SMITH and JOANOS, JJ., concur.