508 So.2d 765 (1987)
The WESTERN UNION TELEGRAPH COMPANY, Appellant,
v.
Thomas J. PERRI and Division of Workers' Compensation, Appellees.
No. BO-357.
District Court of Appeal of Florida, First District.
June 17, 1987.
*766 Errol S. Cornell, Miami, for appellant.
Mark L. Zientz, of Williams & Zientz, Coral Gables, and Joseph C. Segor, Miami, for appellees.
WENTWORTH, Judge.
Employer/carrier appeal a June 17, 1986 workers' compensation order by which wage loss benefits were awarded. Claimant cross-appeals. We affirm.
Claimant sustained industrial injuries from accidents which occurred in 1981 and 1982. After returning to work for employer claimant wore a beeper to receive messages regarding his part-time real estate/mortgage business. Employer advised claimant to discontinue wearing the beeper, but claimant refused and was suspended from his employment in October 1985. Claimant indicated that he then continued to pursue his own real estate/mortgage business and thus made no work search. Claimant received no income from this activity in either October, November, or December. However, a property closing which claimant handled in December resulted in payment of a commission in excess of $1600 on January 1, 1986.
The deputy found that claimant had limited his income by failing to work for employer in October and November, noting that it was employer's prerogative to require that claimant discontinue wearing the beeper. Concluding that employer was entitled to suspend claimant from employment, the deputy further indicated that claimant believed he was being discriminated against and that employer was attempting to "make life difficult for him." Characterizing claimant's feeling as a "reasonable belief," the deputy suggested that "claimant is not legally required to return to work for the employer with whom he was employed at the time of his injuries if he reasonably believes that the employment conditions are oppressive." The deputy therefore ruled that claimant "will only be denied wage loss until he made a reasonable and successful good faith effort to return to work full time effective December 1, 1985." Accordingly, wage loss benefits were awarded commencing December 1985.
Appellant contends (1) the deputy erred by entering an order which is internally inconsistent and contradictory; and (2) by finding that claimant was no longer limiting his income as of December 1985, and thus awarding wage loss benefits. On cross-appeal the claimant argues the deputy erred in finding a voluntary limitation of income and denying wage loss benefits for October and November 1985. Wage loss benefits are not necessarily precluded merely because they occur after a period of successful post-injury employment, even if such reemployment is terminated for cause. See Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984). Rather, Johnston indicates that the deputy should consider the totality of the circumstances in determining whether a causal connection exists between the industrial injury and subsequent wage loss. And while a work search is generally required, fulltime employment, even in a self-owned business, may in appropriate circumstances obviate the need for further work search during such employment. See Adart South Polybag Manufacturing Inc. v. Goldberg, 495 So.2d 826 (Fla. 1st DCA 1986). Diminished earnings from post-injury good faith work as a realtor has been approved as a basis for wage loss benefits. See National Distillers v. Guthrie, 443 So.2d 354 (Fla. 1st DCA 1984).
In the present case the award of wage loss benefits is consistent with the above-cited authorities. The deputy was entitled to conclude that claimant's good faith full-time work effort as a realtor in December and thereafter obviated the need for a further work search and reestablished his diminished earning abilities for wage loss purposes after the termination of his work for employer in October. The deputy thus did not err in declining to preclude all wage loss benefits upon employer's assertion that claimant voluntarily limited his income by refusing to maintain his job with employer.
*767 As to the cross-appeal, while self-employment as a realtor may in appropriate circumstances preclude the necessity of a work search as an evidentiary method to establish causal connection between diminished wages and an industrial injury, this is not a per se rule of application in all cases. Rather, whether a claimant's effort to establish his own business is bona fide and sufficient to substitute for an adequate job search is a question which is dependent upon the circumstances. See e.g., Custom Paints v. Philbrick, 490 So.2d 1352 (Fla. 1st DCA 1986). And the causative effect of discharge from other successful post-injury employment is likewise dependent upon the facts in context. See Johnston. In the present case the deputy concluded that the circumstances establish a voluntary limitation of income in October and November after claimant was suspended from his reemployment. Although the deputy recommenced wage loss benefits in December when the character of claimant's efforts was shown by a real estate closing which produced a subsequent commission, Philbrick and Johnston suggest that the deputy could nevertheless find that prior to December claimant's efforts were not shown to be bona fide or reasonable, and thus constituted a voluntary limitation of income.
Affirmed.
MILLS and BARFIELD, JJ., concur.