511 So.2d 666 (1987)
The OLD COVE CONDO and West American Insurance Company, Appellants,
v.
Robert Hugh CURRY, Appellee.
No. BQ-57.
District Court of Appeal of Florida, First District.
August 5, 1987.
*667 Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants.
Brian O. Sutter of Bruce L. Scheiner & Associates, Ft. Myers, and Bill McCabe, Orlando, for appellee.
MILLS, Judge.
The Old Cove Condo and West American Insurance Co. (E/C) appeal an order of the deputy commissioner awarding wage loss benefits and future medical care. We affirm in part and reverse in part.
Curry injured his back in a compensable accident in April 1985, reaching maximum medical improvement on 4 March 1986 with a 3% permanent impairment. He continued to work for the E/C until May 1986 when he was fired based on a lack of work which he could perform. He immediately began a job search, which continued through May and June 1986. However, Curry ceased his work search after 8 July to begin planning his own lawn maintenance business, which commenced operation on 13 August 1986. Curry earned $817.00 from the business in August, working approximately 30 hours per week. No work search was performed after 8 July 1986.
Although Curry initially claimed wage loss benefits commencing in May 1985, only wage loss from 1 May 1986 "to the present and continuing" was at issue; the record reflects written requests for wage loss through 31 August 1986 only. The E/C did not dispute the adequacy of Curry's job search through 8 July 1986, but contended that he thereafter voluntarily limited his income by starting his own business and failing to continue his work search. Also at issue was Curry's entitlement to medical care and physical therapy, both of which the E/C had deauthorized on 25 April 1986.
The D/C awarded wage loss benefits from 2 May 1986 to the date of the hearing, 18 September 1986, less the period during which Curry was setting up the lawn maintenance business, 9 July through 12 August 1986. The order also authorized "future medical care as required." The E/C filed a motion for rehearing, alleging that it was error to award wage loss benefits for the 18-day period in September 1986, in that written requests therefor were only filed through 31 August. Curry filed a response acquiescing in the correction of the order to this effect, but the motion was never acted upon by the deputy.
The E/C argue first that the deputy erred in finding permanent impairment, in that the limitation of motion on which it was based was not the result of the industrial accident. However, Curry's treating physician testified that the permanent impairment rating was related within reasonable *668 medical probability to the industrial injury; any ambiguity in the doctor's testimony on this point was for the deputy to resolve. The finding of permanent impairment is therefore supported by competent evidence and is affirmed.
The E/C next allege error in the award of future medical care, given that the evidence showed that Curry had reached maximum medical improvement. While all of the medical testimony presented below clearly obviates the need for any remedial treatment, the testimony of the treating physician establishes the need for palliative treatment for the relief of pain, which treatment is awardable after a claimant has attained MMI. Baron Transport v. Riley, 491 So.2d 1220 (Fla. 1st DCA 1986). We therefore affirm the award of medical care, but interpret it as an award of palliative care only.
The E/C also challenge the award of wage loss after 12 August 1986, contending that Curry voluntarily limited his income by stopping his work search and opening and operating his own business, citing Custom Paints v. Philbrick, 490 So.2d 1352 (Fla. 1st DCA 1986). In that case, the deputy awarded wage loss benefits for a period in which the claimant worked at establishing a lunch stand business. This court reversed, stating that the evidence did not show nor had the deputy found that claimant was unable to do any type of work for which he could expect remuneration in the market place for the period he ran the lunch stand.
In Western Union Telegraph Co. v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987), the claimant sought wage loss benefits for three months during which he had pursued his own real estate business. The claimant had earned no money during the first two months; no money was earned in the third month either, but during that month claimant did work which resulted in the later receipt of a commission. The deputy denied wage loss benefits for the first two months finding that Perri had voluntarily limited his income. However, wage loss was awarded for the third month.
The claimant appealed the finding of voluntary limitation and this court affirmed, holding that "whether a claimant's effort to establish his own business is bona fide and sufficient to substitute for an adequate job search is a question which is dependent upon the circumstances." Western Union at 767 citing Custom Paints. The court went on to say that "[a]lthough the deputy recommenced wage loss benefits ... when the character of claimant's efforts was shown by a real estate closing which produced a subsequent commission,... the deputy could nevertheless find that prior to [that time] claimant's efforts were not shown to be bona fide or reasonable, and thus constituted a voluntary limitation of income." Western Union at 767 (emphasis supplied).
As we read Western Union, whether a claimant's effort to establish his own business is bona fide and sufficient to substitute for a work search is a factual determination. Therefore, our only inquiry in the instant case is whether there is competent substantial evidence to support the deputy's determination that Curry's efforts were bona fide and sufficient. The evidence shows that, in establishing his lawn maintenance business, Curry acquired the necessary equipment and actively sought lawn maintenance work. The "character of his efforts" was further shown by the fact that, during the two weeks in August in which he operated the business, he earned $817.00. Under these facts, we do not find that the deputy abused his discretion in awarding wage loss benefits for the August 1986 period during which Curry was actively and productively self-employed.
Finally, the E/C reiterate the point pressed before the deputy in a motion for rehearing, namely, that it was improper to award wage loss benefits for a period for which no request form was filed, namely, 1-18 September 1986. Curry conceded the point in his response to the motion below, and basically concedes it on appeal, but argues that, because the basis for the September award was the same as for August 1986, namely his lawn maintenance work, any error is harmless. We disagree.
*669 Without the form for September indicating the amount of wages, if any, actually earned by Curry, and any other benefits that may have been received by him, it is impossible to determine accurately the amount of wage loss benefits due. See Bay Steel Erections v. Chung, 458 So.2d 31 (Fla. 1st DCA 1984). Therefore, the wage loss award for the period 1-18 September 1986 is reversed and the case remanded with directions that Curry be required to complete and file a benefit form for that period.
SMITH, C.J., and ERVIN, J., concur.