PER CURIAM.
MDM Marble Company and CNA Insurance Company (E/C) appeal from an order of the deputy commissioner awarding temporary partial disability (TPD) benefits from 1 October 1985 to 9 December 1985, *306 temporary total disability (TTD) benefits from 9 December 1985 to 9 June 1986, and wage-loss benefits from 9 June 1986 through July 1986. The issues presented are whether the deputy erred in failing to deduct from the awards of TPD and wage-loss benefits the amounts earned by claimant Jackson's T-shirt shop in 1985 and 1986, and whether it was error to award TTD benefits in the face of evidence that Jackson worked during the period of that award. We reverse on both issues.
Jackson injured her back in a compensa-ble accident in January 1982. After moving to Pennsylvania in November 1983, a laminectomy was performed, after which Jackson seemed greatly improved. In March 1985, she borrowed $2500.00 and purchased a T-shirt business that was operated out of a flea market. Her 1985 tax return indicated that the shop netted a profit of $3896.00 in that year. Jackson testified that she used none of that money for her support, but rather “plowed it all back” into the business. No evidence was elicited as to the amount of profit generated in 1986, save Jackson’s testimony that the business had done “a little better” in that year. She operated the shop from March 1985 until August 1986, when it was destroyed by fire.
Jackson’s condition began to deteriorate in September 1985 as the result of chronic epidural scarring in the spine and a loss of resiliency from nerve pressure. Although medically capable of sedentary, non-physical work during October and November 1985, on 9 December 1985, Jackson was advised to cease work altogether. It was the opinion of her treating physician that she was incapable of any employment from the latter date until 9 June 1986, when she was again pronounced capable of light work.
The E/C paid benefits for the 1982 injury until 30 September 1985, at which point a notice to controvert was filed. Jackson filed a claim for TPD, TTD and wage-loss benefits from 1 October 1985 to the time of the hearing. Based'on the medical testimony and Jackson’s work search, the adequacy of which is not challenged, the deputy found her entitled to TPD benefits from 1 October 1985 to 9 December 1985, to TTD benefits from 9 December 1985 to 9 June 1986 and to wage-loss benefits from 9 June 1986 through July 1986. The deputy noted Jackson’s efforts to start the T-shirt business but, citing H.G. Boddiford Painting Contractors, Inc. v. Boddiford, 426 So.2d 1243 (Fla. 1st DCA 1983) for the proposition that “income from a business owned by a claimant, though he contributes some work to it, should not be used to reduce disability”, he did not deduct Jackson’s business profits from the TPD and wage-loss benefits awarded.
The statutes providing for awards of TPD and wage-loss benefits require the deduction from the average weekly wage of the “salary, wages and other remuneration” the employee is able to earn post-injury. Sections 440.15(4)(a) and 440.15(3)(b)l, Florida Statutes (1981). The deputy found that the profits realized by Jackson’s T-shirt business were not “wages” within these statutes, not because they were reinvested in the business, but based on his interpretation of Boddiford to mean that, as a matter of law, income from a business owned by a claimant should not be used to reduce disability.
In Boddiford, the claimant contributed to his business post-injury as a consultant and by signing checks. The issue before the court was whether monies received by him as business profits were “wages” which would have to be set off against permanent total disability benefits. The court concluded that “where a claimant ... is the sole or primary owner of the business from which he seeks compensation benefits, monies received by virtue of his status as owner ... will not be characterized as ‘earnings’ or ‘wages’ for purposes of determining his entitlement to benefits.” Boddiford at 1246 (emphasis supplied).
Cited for this holding was Connolly v. Workmen’s Compensation Appeal Board, 8 Pa.Cmwlth. 99, 301 A.2d 109, 112 (1973). In that case, the claimant, as here, purchased a business after his industrial injury and operated it thereafter with the help of his wife. In such a situation, held the *307 Connolly court, profits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning power unless they are almost entirely the direct result of personal management and endeavor. Bod-diford at 1247 citing Connolly at 112 (emphasis supplied). The holding of Boddi-ford is not, therefore, that income.from a business owned by a claimant should never be used to reduce disability, but rather that business profits received as the result of mere status as the owner of a business are not “wages” within the aforementioned statutory provisions unless they are almost entirely the direct result of the claimant’s personal management and endeavor.
In this case, we cannot avoid the conclusion that the $3896.00 earned by Jackson’s shop in 1985, as well as the undetermined amount earned in 1986, was in some part, if not entirely, the result of Jackson’s personal endeavor. She testified that she was helped in the business by her boyfriend and her children, but the evidence showed that the boyfriend worked full-time at another job and that her children were school-age. Further, Jackson testified that she could not afford to hire any other employees. Therefore, the conclusion is inescapable that Jackson was not receiving the shop’s profit merely because of her status as its owner, as in Boddiford, but that it was primarily her effort which resulted in whatever profit was earned by the shop. It is also possible that a portion of the 1986 earnings represented a return on capital as a result of the 1985 earnings “plowed” back into the business.
We remand to the deputy commissioner for the purpose of determining what part of the profits is fairly attributable either to labor of others or a return on capital (including borrowed), if any. Burden of proof for apportionment of that deductible share rests on the appellant E/C which claims such credit against benefits.
It has been consistently held by this court that an award of TTD benefits is improper during those times a claimant demonstrates a partial ability to work. Suncrete Corp. v. Schofield, 490 So.2d 990, 992 (Fla. 1st DCA 1986); Miami Beach Kennel Club v. Berlin, 502 So.2d 1011 (Fla. 1st DCA 1987). While the mere fact that á claimant was receiving monies, however designated, from his business does not demonstrate that he was capable of doing some type of work, here Jackson did not passively receive money from the business but actively participated in the generation of that money. Reversal of the award of TTD benefits is therefore compelled.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, WENTWORTH and BARFIELD, JJ., concur.