ERVIN, Judge.
The claimant appeals the final order of the deputy commissioner (dc), contending that the dc erred in finding that the claimant, because of profits realized by his business, had the ability to earn and was in fact earning in excess of the amount necessary to qualify for wage-loss (W-L) benefits. We reverse the order and remand for further determination by the dc.
The claimant suffered a compensable accident in 1983 and reached maximum medical improvement (MMI) in October 1984, receiving W-L benefits through November 1986. The employer/carrier (e/c) explained that it discontinued paying W-L benefits after concluding that the claimant was the owner and sole shareholder of Broward Vertical Blinds, thereby voluntarily limiting his income by failing to make a good faith job search. The claimant then filed a claim for W-L benefits for December 1986,[1] and for January through April 1987. In his order denying W-L benefits for January-April, the dc found that the claimant, as sole corporate officer and shareholder, “in essence ... is the corporation.” The dc then concluded that the claimant had the ability to earn and in fact was earning in excess of the amount necessary to qualify for W-L.
A determination of whether corporate profits should be considered in the computation of average weekly wage (AWW) is based on a factual evaluation of the record. See MDM Marble Co. v. Jackson, 512 So.2d 305 (Fla. 1st DCA 1987). Initially, we agree that there is competent, substantial evidence in the record to support the dc’s conclusion that the claimant’s business profits should be included in a determination of his AWW. In so stating, we do not agree, however, as implied by the dc’s order, that a corporation’s profits must be computed as personal earnings if it is shown that the claimant is the sole corporate officer and shareholder. Rather, the test is whether the business profits are “almost entirely the direct result of the claimant’s personal management and endeavor.” 512 So.2d at 307 (emphasis omitted). Once a finding has been made that corporate profits are directly related to the claimant’s endeavors, the dc must inquire further, determining what part of the business profits are “fairly attributable either to the labor of others or a return on capital (including borrowed) if any.” Id. The burden of proof for apportionment of this deductible share rests with the e/c.
The order of the dc is reversed and remanded for further proceedings consist *1295 ent with this opinion. On remand, the dc is directed to determine, either upon the present record, or after conducting further proceedings whether, after examining claimant’s business profits during the applicable period, the claimant is entitled to W-L benefits for each month, rather than the four-month period by averaging claimant’s profits. Section 440.15(3)(b)l. See Carpenters R. V Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984).
REVERSED AND REMANDED for further consistent proceedings.
JOANOS and NIMMONS, JJ., concur.

. The dc denied the claim for December W-L benefits, finding that the claimant voluntarily limited his income and that the operation of a struggling business would not excuse the claimant’s failure to conduct a good faith job search. This court in a previous opinion reversed, holding that the record did not support the conclusion that the claimant had voluntarily limited his income. See Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988).