WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which disability and wage loss benefits were paid to claimant. The employer/carrier argue that corporate profits from claimant’s business which were not distributed to claimant should have been imputed to claimant as income and included in the calculation of claimant’s wage loss. We reverse, finding that a portion of the net profits from claimant’s corporation were properly attributable to claimant as wages and are to be used to reduce claimant’s wage loss.
Claimant sustained a compensable injury in the course of his employment in 1979. Claimant’s physician permanently restricted him from doing strenuous physical activity. Subsequent to his release from medical care in 1982, claimant worked for sever-* al carpet companies, which either went out of business or required claimant to engage in more physical labor than he was capable of doing.
In July 1986, claimant and a partner opened their own carpet business. Claimant owns 49% of the business. All of the profits received to date have been “rolled back” into the company and used to acquire inventory. Expert testimony confirmed that this is a standard procedure for a start-up business. An accountant testified that claimant’s business was growing in a manner consistent with the growth of other small businesses of a similar nature.
Claimant began filing claims for temporary partial disability benefits with his former employer in July 1986. He reached maximum medical improvement (MMI) in June 1987, and at that point began filing wage loss forms. Since the formation of claimant’s company, claimant’s former employer has only sporadically paid wage loss benefits to claimant.
During the period when a claimant is experiencing wage loss or temporary partial disability, a work search provides evidence of a claimant’s entitlement to benefits. Rios v. Fred Teitelbaum Construction, 522 So.2d 1015 (Fla. 1st DCA 1988). However, full-time work, even in a self-owned business, may obviate the need for a further work search during such occupation. Western Union Telegraph Company v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987). We find ample support for the findings that claimant’s efforts in establishing his own business were bona fide and sufficient to substitute for a work search, and *817 we affirm the determination of his eligibility for benefits.
In calculating the amount to be awarded to claimant, section 440.15(4)(b), Florida Statutes, states that the salary, wages, and other remuneration which the claimant is able to earn prior to reaching MMI must be determined. This same analysis is applicable under section 440.-15(3)(b), involving a calculation of wage loss benefits after a claimant reaches MMI. Thus, in calculating the amount of temporary partial disability benefits and wage loss benefits to which claimant is entitled, any income actually generated by claimant’s efforts must be considered.
Claimant works as both a manager and salesman for his company. He spends a great deal of his time on the job making telephone sales and selling carpet to walk-in customers. Although there are individuals employed by his company who install the carpet, claimant and his partner are the only ones who run the store itself. All of the company’s sales flow directly from the efforts of claimant and his partner. To date his company has distributed no income to claimant, but instead has reinvested all of the profits. Throughout this time claimant has continued to contribute his labor to the business efforts.
Where business profits flow to a claimant solely by virtue of his status as an owner of a company, these profits are not characterized as wages for purposes of determining the claimant’s entitlement to benefits. H.G. Boddiford Painting Contractors, Inc. v. Boddiford, 426 So.2d 1243, 1246 (Fla. 1st DCA 1983). However, where the generation of business profits is fairly attributable in part to the direct efforts of claimant’s personal management and endeavor, a proportionate share of those profits will be considered wages to claimant. MDM Marble Company v. Jackson, 512 So.2d 305, 307 (Fla. 1st DCA 1987). That part of a business profit due either to the labor of others or to a return on capital is not so considered.
In this case claimant continued to expend his labor and services in the corporate enterprise without receiving or being credited compensation in return. The order herein concludes that full wage loss benefits should continue because “the necessary inventory to expand the business and make it profitable on a long-term basis is being acquired through the reinvestment of all profits to date,” such net reinvested profits being $16,705.00 for 1987. We do not question either the evidentiary support for the finding of good faith business purpose for the corporate decision against distribution of profits, or the propriety of the conclusion in the order that “the corporate profits are not to be added to the claimant’s actual earnings,” citing Millo Trash Service Co. v. Millo, 473 So.2d 839 (Fla. 1st DCA 1985). The omission in this case, however, was the failure to make a determination, as was done in Millo, as to what amount constituted a “fair remuneration for the work performed by the claimant. ” 473 So.2d at 840.
Claimant’s labor clearly contributed in this case to corporate profits which, to the extent attributable to his labor, constitute earnings which should be applied under sections 440.15(3)(b) and (4)(b) to reduce wage loss.
We remand to the deputy commissioner for the purpose of determining, based on this record or such further hearing as necessary, what part of the profits in question is fairly attributable to claimant’s labor and therefore to be taken into account in awarding wage loss.
Reversed and remanded for further proceedings consistent with this opinion.
NIMMONS and ZEHMER, JJ., concur.