KAHN, Judge.
In this appeal from a workers’ compensation order, the employer/carrier Marriott Corporation and Marriott Casualty Claims challenge (1) the finding that claimant suffered an “accident,” (2) the finding of a causal relationship between the alleged accident and claimant’s physical condition, and (3) the award of future chiropractic care. We affirm in part, reverse in part and remand for further proceedings.
We affirm the order as to the findings of an accident and causation based on competent substantial evidence in the record supporting those findings. However, we are unable to tell from the record the type of future chiropractic care awarded by the Judge of Compensation Claims (JCC). In the order, the JCC stated that the parties stipulated that claimant had not reached maximum medical improvement (MMI). The JCC awarded temporary total and temporary partial disability benefits based, in part, on that stipulation.
If the chiropractic treatment awarded is remedial treatment, then the treatment should be allowed until claimant reaches MMI. However, the chiropractor whom the JCC authorized to provide future treatment testified that claimant had reached *201 MMI. If so, the treatment after claimant reached MMI was palliative treatment and required a showing that a permanent injury resulted from the exacerbation. See Reynolds v. Neisner Brothers, Inc., 436 So.2d 1070, 1073 (Fla. 1st DCA 1983) (without a showing of any residual from the accident in question, an award for future medical treatment was improper); Baron Transport v. Riley, 491 So.2d 1220 (Fla. 1st DCA 1986) (palliative treatment for the relief of pain is awardable after a claimant has attained maximum medical improvement); Old Cove Condo v. Curry, 511 So.2d 666, 668 (Fla. 1st DCA 1987) (same). The chiropractor did not determine whether claimant’s disability rating and need for future treatment were based on the aggravation or the preexisting injury. No other doctor testified regarding the permanency of claimant’s injury as a result of the accident. Accordingly, there is no competent substantial evidence to support an award of palliative future chiropractic care. We REVERSE and REMAND for further proceedings on entitlement to future chiropractic care.
JOANOS and WEBSTER, JJ., concur.