PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims *1034 (JCC) ordering Pan American Hospital and Sedgwick James (E/C) to pay the costs of claimant’s past and future medical treatment. The E/C raise three issues on appeal: (1) whether the JCC erred in failing to establish the date of maximum medical improvement (MMI); (2) whether the JCC erred in ordering the E/C to pay claimant’s MRI bill; and (3) whether the JCC erred in ordering the E/C to pay Dr. Anthony De La Cruz’s bills for treatments rendered from November 5, 1991 through February 24, 1992. At oral argument, the E/C conceded there was no error as to the second issue; therefore, we will not address it. We must, however, reverse and remand the remaining issues.
On February 27, 1991, claimant injured her cervical spine in a fall during the course and scope of her employment with Pan American Hospital. In response to her pain, claimant eventually sought treatment from chiropractor Dr. Anthony De La Cruz and orthopedist Dr. Wilfredo Amaya. Claimant filed a claim in February 1992 seeking, inter alia, authorization for Dr. De La Cruz and Dr. Amaya and payment of Dr. De La Cruz’s past medical bills. The E/C controverted the claim, asserting that claimant’s injury did not arise out of the course and scope of her employment. Following a hearing, the JCC issued an order authorizing future palliative care by Dr. De La Cruz, but made no findings as to claimant’s attainment of MMI. The JCC also required the E/C to pay for past medical treatments by both Dr. De La Cruz and Dr. Amaya. This appeal followed.
MMI is the date after which recovery or lasting improvement from an injury can no longer be anticipated. Rolle v. Pica-dilly Cafeteria, 573 So.2d 94 (Fla. 1st DCA 1991); § 440.02(8), Fla.Stat. (1991). Remedial treatment may not be awarded for the period following MMI. Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). For this reason, an express finding of MMI is particularly important in workers’ compensation cases. Lewis, 447 So.2d at 406. At hearing, Dr. De La Cruz testified by deposition that claimant had a permanent impairment and that she had reached MMI sometime in the beginning of June 1992. He also stated that claimant required future palliative care to keep her stable.[1] Further, Dr. Amaya testified by deposition that claimant had reached MMI sometime in 1991. We hold that the JCC erred in failing to establish an MMI date for claimant in light of the medical evidence presented at hearing. Accordingly, we remand for the JCC to make such a determination.
As to the payment of Dr. De La Cruz’s past medical bills, the E/C are only responsible for payment of those bills properly and timely submitted as required by statute. See § 440.13(2)(d), Fla.Stat. (1991). Since these bills were not timely submitted, the JCC appears to have erred in ordering the E/C to pay them. However, we note that the statute allows the JCC to excuse for good cause the failure of a physician to furnish such reports. § 440.13(2)(d), Fla.Stat. (1991). In cases involving this statutory provision, this court has required the JCC to find good cause where the failure to report is excused. Heath & Co. v. Greifzu, 545 So.2d 959 (Fla. 1st DCA 1989); Vannice Const. Co. v. Silverman, 419 So.2d 369 (Fla. 1st DCA 1982). Here, the JCC failed to address the issue of good cause. Therefore, we reverse and remand for the JCC to address this issue.
To summarize, we remand for a determination of MMI. We also reverse and remand for the JCC to address the issue of good cause as to the failure to timely submit Dr. De La Cruz’s medical bills for the period in question. All other aspects of the JCC’s order are affirmed.
BOOTH, MICKLE and BENTON, JJ, concur.

. Medical treatment provided after MMI has been reached is labeled as "palliative.” Marriott and Marriott Casualty Claims v. Condo, 632 So.2d 200 (Fla. 1st DCA 1994); citing, Old Cove Condo v. Curry, 511 So.2d 666 (Fla. 1st DCA 1987); Keller Kitchen Cabinets v. Holder, 586 So.2d 1132 (Fla. 1st DCA 1991), quashed on other grounds, 610 So.2d 1264 (Fla. 1992).