PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) adjusting Claimant’s average weekly wage (AWW) to include the pro rata portion of the corporate profits to which he was entitled as a shareholder, on the authority of Pishotta v. Piskotta Tile & Mar *516 ble, Inc., 613 So.2d 1373 (Fla. 1st DCA 1993). The E/C argues that a 1994 amendment to Florida’s Workers’ Compensation Law’s statutory definition of “wages” precludes this ruling and renders Pishotta distinguishable. We affirm the order, and write on this issue of first impression to clarify that the plain language of the as-amended statutory definition of “wages” does not permit the E/C’s proposed reading or trump Pishotta.
As background, the amount of indemnity benefits payable under the Workers’ Compensation Law is calculated based on a claimant’s AWW, and the appropriate AWW is calculated under section 440.14, Florida Statutes, which sets forth its formulas in terms of “wages.” “Wages” is defined elsewhere in the Workers’ Compensation Law:
The money rate at which the service rendered is recompensed under the contract of hiring in force at the time of injury and includes only the wages earned and reported for federal income tax purposes on the job where the employee is injured and any other concurrent employment ... together with the reasonable value of housing furnished to the employee by the employer ... and gratuities reported to the employer....
§ 440.02(28), Fla. Stat. (2011). The phrase “and reported for federal income tax purposes” was added by amendment effective January 1, 1994. Ch. 93-415, § 2, at 72, Laws of Fla.
The E/C argues the amendment to the above definition of “wages” means the term is limited to “wages” as defined under the federal tax code. The plain language of section 440.02(28), however, does not rely on the federal tax code’s definition; instead, it defines wages differently as “the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of injury.” From this statutory definition, a subset is created that excludes any portion of that rate not “earned” on that job or concurrent employment (and including any portion earned but not yet paid, see Witzky v. West Coast Duplicating, 503 So.2d 1327 (Fla. 1st DCA 1987) (holding definition of wages as “earned” rather than “paid” indicates that AWW is not limited to money actually paid to claimant)). The 1994 amendment also uses the initial definition of “wages” to create a subset of itself, this time excluding any portion of that rate not “reported for federal income tax purposes.” Although this new language excludes “wages” not reported, it does not limit the manner of reporting or otherwise exclude from “the money rate ... earned” monies not defined by the federal tax code as “wages.” See generally Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review). Based on this language and structure, we cannot conclude that the Workers’ Compensation Law’s definition of “wages” should match the federal tax code’s definition of “wages”; indeed, if the Legislature had such an intent, it could have chosen a more clear manner of expressing as much.
Because the 1994 statutory amendment did not alter the definition of “wages” in the manner suggested by the E/C, the precedent set forth in Pishotta remains in force: a claimant’s AWW includes his or her pro rata portion of corporate profits where the profits were “almost entirely the direct result of personal management and endeavor” (and therefore were “earned” as required by the definition of “wages” in the Workers’ Compensation Law). 613 So.2d at 1376 (quoting MDM Marble Co. v. Jackson, 512 So.2d 305, 307 (Fla. 1st DCA 1987)). Here, the E/C concedes the profits given to Claimant *517 “were the results of his active income, not the result of passive income or return on investment,” and thus were earned. It is undisputed that the “money rate” Claimant is contractually due is $250.00 per week plus sixty percent of the profits per year. Because it is likewise undisputed that Claimant’s portion of the profit was reported to the IRS, although not necessarily as “wages” as defined by the federal tax code, the plain language of the statute as applied to this case does not prohibit the inclusion of Claimant’s pro rata profits as “wages” under the Workers’ Compensation Law. Further, Pishotta requires the inclusion of such pro rata profits as “wages” (to the extent such profits were “reported for federal income tax purposes,” as the 1994 amendment requires). Accordingly, the JCC here was correct to include Claimant’s earned and reported pro rata profits when calculating Claimant’s AWW.
AFFIRMED.
LEWIS, C.J., WOLF, and MAKAR, JJ„ concur.