THOMPSON, Judge.
The employer/carrier (E/C) appeal a compensation order awarding wage loss benefits and assert, among other things, that the claimant failed to demonstrate that her wage loss resulted from her compensa-ble injury. We agree and reverse.
The claimant sustained a compensable neck injury on March 9,1981, and remained off the job for approximately a week thereafter. She then returned to work and worked steadily at her usual job until July 23, 1981, when she quit work in order to travel “up north” to visit her elderly and ill father. According to the claimant, before leaving to visit her father she requested a *955 week’s leave of absence without pay and informed the employer of her reason for needing to take some time off. She further testified that although her request for a leave of absence was refused, the employer promised that if she reapplied upon her return, she would be rehired. The claimant indicated that when she reapplied for her job some two weeks later, she was told that no work was available. Representatives of the employer testified that claimant had not asked for a leave of absence, but had simply resigned, that there had been no promise that she would be rehired, and that they had no record or recollection of her ever having reapplied for her job.
On February 11, 1982, the claimant’s treating physician determined that she had reached maximum medical improvement and had a 3 percent permanent impairment of the body as a whole. He discharged her on that date without placing any restrictions on her activities. Following this release the claimant began actively seeking work.
In the order appealed, the deputy commissioner found that claimant had sustained permanent impairment, had conducted a bona fide job search, and was therefore entitled to an award of wage loss benefits. He rejected the E/C’s argument that the claimant had voluntarily left her employment, expressly finding that her leave from her employment “was necessary under the circumstances and that she had expected her job to be available when she returned.” The findings that claimant had sustained permanent impairment and had conducted an adequate work search, although supported by competent substantial evidence, were an insufficient basis for an award of wage loss benefits. Section 440.-15(3)(b), Florida Statutes, requires that a claimant not only demonstrate permanent impairment and a good faith effort to obtain employment commensurate with his or her post-accident abilities, but also requires a claimant to prove that any post-accident wage loss resulted from the compensable injury. Here, the claimant adduced no evidence whatsoever that her inability to find work subsequent to discharge from her doctor’s care was the result of her injury. On the contrary, the only medical testimony was that claimant could return to work without any restrictions. The case of Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), wherein this court ruled that a claimant need not prove that inability to find work was due to accident-related impairment rather than to economic conditions, is easily distinguishable. It was uncontested in Regency Inn that the claimant lost her job because of her industrial injury. Here, the claimant’s own testimony established beyond question that the disruption in her employment pattern was not a result of her industrial accident, but came about because she voluntarily left employment for reasons unrelated to her compen-sable injury. Because neither the initial loss of claimant’s job with the employer nor the claimant’s subsequent inability to find work were shown to have been related to the industrial accident, the award of wage loss benefits is REVERSED.
SHIVERS and JOANOS, JJ., concur.