JOANOS, Judge.
Shop & Go, Inc., appellant, appeals from a workers’ compensation order in which the deputy commissioner awarded temporary partial disability (TPD) benefits to Duni-gan. Dunigan cross-appeals from the same order in which it was found that Dunigan had suffered no permanent physical impair.ment and her request for further medical treatment was dismissed with prejudice. We reverse the TPD award and affirm the remainder of the order.
Dunigan suffered a compensable knee injury on 8 May 1981 when she slipped and fell on the sidewalk at the convenience store where she was employed. She continued to work, even though her knees were swollen. Eventually Dunigan was seen by Dr. Eckart, an orthopedic surgeon, who diagnosed her as suffering from tendinitis or bursitis and treated her with medication. Dunigan was seen last by Dr. Ec-kart on 16 October 1981. Dunigan failed to keep a return visit scheduled for January, 1982. On 1 December 1981, Dunigan was fired due to a mixup in scheduling which the Deputy Commissioner considered immaterial to the order. She looked for work and received unemployment compensation until 26 March 1982 when the benefits were terminated. Dunigan then began working at another convenience store, until she was re-hired by Shop & Go in April, 1982 at a lower wage than she previously had earned. On 12 October 1982, Dunigan was seen by Dr. Young, orthopedic surgeon, who recommended surgery be performed on her knee. On 9 November 1982, Dr. Williamson, orthopedic surgeon, performed an arthroscopic examination and a lateral retinacular release on Dunigan’s right knee. Temporary total disability benefits were paid until Dunigan returned to work on 24 January 1983. Follow-up care was given until 31 May 1983 when Dr. Williamson found that Dunigan had full range of motion, with no further medical care needed, and no entitlement to an impairment rating under the AMA Guides. An independent medical evaluation by Dr. Wasylik, orthopedic surgeon, resulted in an opinion that Dunigan had no permanent impairment under the AMA Guides and no work restrictions. Dunigan continued to work until June, 1983 when she quit due to friction over her taking leave without authorization.
The deputy commissioner found no entitlement to further benefits based upon Dunigan’s reaching maximum medical improvement with no permanent impairment. TPD benefits, credited by the unemployment compensation benefits, were awarded for the period following Dunigan’s termination from Shop & Go until she began working for the other convenience store. TPD benefits were awarded also for the period she was re-hired by Shop & Go at the lower wage until she quit.
We reverse the award of TPD benefits since there is no competent, substantial evidence of a causal relationship *587 between Dunigan’s knee injury and the loss of her job or the reduction in her wages. Where the only medical testimony is that Dunigan may work without restriction and, by her own testimony, the initial loss of her job, the reduced wages and the ultimate loss of employment did not result from her injury, Dunigan is not entitled to an award of TPD benefits. Electone, Inc. v. Walsh, 447 So.2d 954 (Fla. 1st DCA 1984).
All of the medical testimony provides competent, substantial evidence to support the deputy commissioner’s findings that Dunigan has no permanent physical impairment and no need for further medical treatment. We note, however, that the deputy commissioner’s dismissal with prejudice of Dunigan’s claim for further medical treatment does not prejudice Dunigan’s rights to modification pursuant to section 440.28, Florida Statutes.
Accordingly, the award of TPD benefits is reversed and the remainder of the order is affirmed.
MILLS and BARFIELD, JJ., concur.