486 So.2d 670 (1986)
Kenneth WHALEN, Appellant,
v.
U.S. ELEVATOR and U.S. Fidelity & Guaranty Co., Appellees.
No. BE-460.
District Court of Appeal of Florida, First District.
April 10, 1986.
Neal L. Ganon, of Kaplan, Sicking & Bloom, Miami, for appellant.
Anthony J. Beisler, of Anthony J. Beisler, P.A., Ft. Lauderdale, for appellees.
WENTWORTH, Judge.
The claimant in this worker's compensation case appeals an order denying three months' wage loss for August *671 through October 1984.[1] We reverse and remand for reconsideration of the claim because the order contains no finding with respect to the evidence of work search by claimant, and erroneously concludes that denial of the claim may rest solely on lack of "evidence to support any connection between the termination on July 15, 1984, from Howard Johnson's and the compensable injury." (e.s.) The pertinent inquiry instead is whether the evidence, for each of the months in question, supports a connection between the wage loss and the compensable injury. Although the order did ultimately state a negative conclusion on that point, the factual findings relate solely to claimant's performance and termination from the Howard Johnson's employment.
Appellant argues forthrightly that "[c]laimant's work search, subsequent to the firing ... is moot" and irrelevant to later wage loss entitlement. We conclude instead that, in spite of the deputy's right to reject evidence that claimant's impairment contributed to his discharge, the ensuing work search in these circumstances would remain highly relevant to the claim for later wage loss. The issue has been clearly addressed in recent opinions:
"The award of wage-loss benefits is not precluded simply because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to ... discharge for a just cause" unrelated to the injury. The Donut Shop et al. v. Farrington, 461 So.2d 171 (Fla. 1st DCA 1984), citing Plymouth Citrus Products v. Woodard, 450 So.2d 317 (Fla. 1st DCA 1984); Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984); Lasher Milling Co. v. Brown, 427 So.2d 1034 (Fla. 1st DCA 1983).
Johnston v. Super Food Services, Inc., 461 So.2d 169, 170 (Fla. 1st DCA 1985). Whatever temporary period of unemployment might be attributable solely to unrelated dislocation would logically end upon proof of prima facie injury connection by continued wage loss after a good faith job search by one whose employment status has been permanently altered by a compensable impairment which affects his competitive position in the labor market. The burden of proof is thereby shifted on the issue of voluntary limitation of income for each month's wage loss in question. City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984).
The deputy in the present case recited consideration of Williams (cited in Johnston), supra, but failed to apply its requirement that causal relation be determined by evidence of circumstances, including job search, after an unrelated layoff. The order treats the claim as if wage loss ineligibility results per se from the resumption of unsheltered employment for three and one half months, terminated for reasons found to be unrelated to the compensable impairment. This conclusion is drawn without regard to proximate cause principles and with reference only to testimony of employer Doris Lanosa and Dr. Peele. Their testimony (as to job performance and medical treatment), however, clearly has no conclusive bearing on the scope and quality of claimant's work efforts or capability during the three later months in question. Dr. Peele, instead, testified to claimant's incapacity to work during much of the time that he had continued working.
We conclude that a fair reading of the opinions above cited will adequately guide the deputy on reconsideration of the claim. The order is accordingly reversed and the cause remanded for further proceedings consistent therewith on the claim for both wage loss and rehabilitation benefits, upon the existing record or on such additional evidence as may be deemed necessary.
BOOTH, C.J., and SMITH, J., concur.
NOTES
[1] No issue is presented as to claimant's 10% permanent impairment based on the 1980 injury in his employment in heavy construction work, to which he was unable to return after maximum medical improvement in September 1981.