498 So.2d 523 (1986)
OXFORD BUILDING SERVICE and Liberty Mutual Insurance Co., Appellants,
v.
James ALLEN, Appellee.
No. BL-358.
District Court of Appeal of Florida, First District.
November 14, 1986.
Rehearing Denied December 30, 1986.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants.
E. Douglas Spangler, Jr., Sarasota, for appellee.
MILLS, Judge.
Oxford Building Service and Liberty Mutual Insurance Company (E/C) appeal from an order of the deputy commissioner awarding Allen wage-loss benefits for the months of August through November 1985. We affirm.
Allen dislocated his shoulder while employed by the E/C as a janitor. The injury eventually required surgery, and Allen was left with a permanent disability. He returned to work with the E/C, albeit in a lighter-duty capacity than before, but was terminated when the E/C lost the cleaning contract for the building where Allen worked. The D/C awarded wage-loss benefits, finding that Allen had made a goodfaith work search. The E/C does not challenge that finding, but argues that, because Allen was terminated from his employment because of the E/C's loss of its contract, any wage-loss is due to economic conditions and not Allen's disability.
The E/C apparently maintains that the required causal connection between Allen's wage-loss and his industrial accident *524 was broken by the fact that he was able to return to work until laid off for an economic reason unrelated to the accident. However, being laid-off from employment for economic reasons does not automatically negate such a connection. This court has held only that evidence of being laid off for economic reasons without more is insufficient to establish causation. Williams Roofing, Inc. v. Moore, 447 So.2d 968, 972 (Fla. 1st DCA 1984).
Whether a claimant has shown the required causal connection between wage-loss and his injury is a question of fact which the deputy must determine from the totality of the circumstances. A claimant must simply produce competent substantial evidence from which there can be inferred a causal relationship between the industrial injury and any subsequent wage-loss, such as evidence of an unavailing work search sufficiently extensive and intensive. City of Clermont v. Rumph, 450 So.2d 573, 577 (Fla. 1st DCA 1984) p.f.r.d. 458 So.2d 271 (Fla. 1984).
Here, the deputy found, and there is competent evidence in the record to show, that Allen conducted a good faith, unsuccessful work search during the months for which he claimed wage-loss, which search is not challenged on appeal. Because Allen was not precluded by his lay-off from showing other evidence of causal connection, and because he provided such evidence in the form of an unavailing job search, we affirm the award of wage-loss herein.
AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.