509 So.2d 369 (1987)
Manuel RODRIGUEZ, Appellant,
v.
SHERATON BAL HARBOUR HOTEL AND Cigna, Appellees.
No. BO-377.
District Court of Appeal of Florida, First District.
June 23, 1987.
Rehearing Denied July 31, 1987.
Marcos A. Gonzalez, of Sadow, Lynne and Gonzalez, North Miami, for appellant.
Rosalind R. Kalinsky and H. George Kagan, of Miller, Hodges, Kagan & Chait, Deerfield Beach, for appellees.
MILLS, Judge.
Manuel Rodriguez appeals from an order of the deputy commissioner denying his claim for temporary partial benefits. Under the circumstances of this case, we reverse.
Although employed by the Sheraton Bal Harbour Hotel (E/C) as a maintenance supervisor, Rodriguez also performed some manual duties because of chronic personnel shortages. He injured his right elbow and back in a compensable accident in March 1984, and on 20 April 1984, his treating physician released him to light work. There is no evidence in the record that any other type of work was ever medically authorized. Dr. Guerra, to whom Rodriguez was referred in February 1985, also placed restrictions of his employment requiring no lifting or climbing, no repetitive kneeling or bending, and no standing for more than two hours nor sitting for more than one.
*370 After his release, Rodriguez returned to work for the E/C, again doing manual labor despite his medical restrictions because of personnel shortages. It was his testimony that, although he performed whatever duties were required to keep his job, he worked in pain and felt that his injuries had worsened as a result of the heavy work. Rodriguez continued to work for the E/C until 17 December 1984, when he voluntarily resigned over a dispute with another supervisor.
Rodriguez immediately commenced a job search, making approximately twenty contacts a month. The job search lists submitted to the E/C indicated that he sought light work only. On 20 February 1985, he obtained employment with a condominium complex which he was able to continue for only three weeks, or until 11 March 1985, when he quit because he felt physically unable to work the additional nights and weekends demanded by the employer. He recommenced his job search, obtaining a second job with a hotel on 4 April 1985; he was laid off after two months. Once again, he looked for work, next obtaining employment with another hotel in July 1985, where he is still employed.
The deputy commissioner denied and dismissed Rodriguez's claim for temporary partial benefits based on the injury. The deputy found that he had voluntarily limited his income and failed to accept employment commensurate with his abilities by seeking only light work. He rejected both medical opinions as to restrictions on employment, finding that the "heavy" duties actually performed by Rodriguez after the injury showed those opinions to be erroneous and demonstrated that he could have been working full time at heavy labor with no wage loss.
Rodriguez first argues that the deputy erred in rejecting uncontradicted medical opinion that he was medically restricted to light work. The general rule is that, where testimony is uncontradicted, a finding contrary to the weight of that evidence is not supported by competent substantial evidence. Loughan v. Slutz Seiberling Tire, 483 So.2d 1389 (Fla. 1st DCA 1986). While we specifically do not hold that there is no case in which a deputy might find uncontradicted medical opinion of restricted employability belied by a claimant's demonstrated ability to work, the facts in this case do not show that Rodriguez was able to work at his normal duties pain-free and with no ill effect on his physical condition. Therefore, the rejection by the deputy in this case of the uncontradicted medical evidence of restricted employability was error.
It was also error for the deputy to reject Rodriguez's job search as inadequate. The good faith of a work search must be determined in light of all existing circumstances, including physical impairment. Ringling Brothers Barnum and Bailey Circus v. O'Blocki, 496 So.2d 947, 949 (Fla. 1st DCA 1986). Here, Rodriguez was released by his treating physician to light work only in April 1984 and, in February 1985, his physical restrictions were reaffirmed to him by a second physician. Therefore, we cannot find that his search for light work only constituted a voluntary limitation of income, but hold rather that it was an affirmative, good faith effort to obtain employment within his physical limitations. See Acree Oil Co. v. Peterson, 467 So.2d 346, 348 (Fla. 1st DCA 1985).
Appellees also contend that Rodriguez's inability to earn as much as before the injury was unrelated to his physical limitation, since he voluntarily left his job with the E/C. However, an award of wage loss benefits is not precluded simply because the wage loss, occurring after a period of successful post-injury employment, is attributable in some part to a non-injury-related factor. Johnston v. Super Foods Services, 461 So.2d 169, 170 (Fla. 1st DCA 1984).
Whether a claimant has shown the required causal connection between wage loss and his injury is a question of fact which the deputy must determine from the totality of the circumstances. A claimant must simply produce competent substantial evidence from which there can be inferred a causal relationship between the industrial injury and any subsequent wage loss. Oxford *371 Building Service v. Allen, 498 So.2d 523, 524 (Fla. 1st DCA 1986). Put another way, the claimant's burden is to present evidence which reasonably permits a conclusion that the compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss. City of Clermont v. Rumph, 450 So.2d 573, 576 (Fla. 1st DCA) p.f.r.d. 458 So.2d 271 (Fla. 1984).
Here, after Rodriguez left his employment with the E/C, he immediately commenced an extensive work search for light duty jobs, which search was within the physical limitations established by his treating physician. This limitation of employability to light duty work, caused by his compensable injury, is sufficient to create a causal connection with that injury and subsequent wage loss.
The order of the deputy commissioner denying temporary partial benefits is reversed and the case remanded for further proceedings not inconsistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.