511 So.2d 663 (1987)
Donna MATHIS, Appellant,
v.
LEWIS BEAR COMPANY and Chubb Pacific Indemnity Group, Appellees.
No. BO-452.
District Court of Appeal of Florida, First District.
August 5, 1987.
John L. Myrick of Myrick & Davis, Pensacola, for appellant.
Brian B. Bolton of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
SMITH, Chief Judge.
Claimant seeks review of a workers' compensation order denying her request for wage-loss benefits from November 1, 1985 through June 30, 1986. We reverse.
Claimant is a thirty-two year old female with a high school education. She suffered a compensable accident on March 14, 1984, resulting in a 10% permanent physical impairment of the left upper extremity. She was advised to avoid prolonged use of her left dominant hand, including writing and typing, and to avoid lifting items weighing more than 10-15 pounds.
When injured, claimant was working as a merchandise selector in the employer's *664 warehouse. Following the injury, she was given a light duty job in the cigarette room putting stamps on cigarettes. She re-in-jured her arm lifting a box of candy and was taken off that job. She was next given light clerical work at her regular salary on the 10:00 p.m. to 6:00 a.m. shift which she was physically able to perform. While working in that capacity, she was sexually harassed by a co-worker whom the employer promptly reprimanded upon learning of the harassment. Claimant made several requests for a transfer to the day shift which were denied because of the unavailability of positions commensurate with claimant's abilities. She then quit her job.
Claimant has requested compensation benefits on three occasions. On July 1, 1985, the deputy commissioner (dc) entered an order denying claimant's request for temporary partial disability (TPD) benefits on the ground that she had voluntarily limited her income when she quit her job due to dissatisfaction with the work schedule. On April 9, 1986, the dc entered a second order denying claimant's request for TPD and wage-loss benefits, except for that period when claimant was recovering from surgery, on the grounds that her physical condition had not changed and that she had voluntarily limited her income by quitting her job. Neither order was appealed.
Claimant's third request for wage-loss benefits was similarly unsuccessful. In reference to this request, claimant conducted a work search from October 1, 1985 through June 1986. She contacted about 200 businesses for such positions as secretary, waitress, seamstress, cashier, kitchen helper, sales clerk, etc. She advised the prospective employers of her physical limitations, and no one offered her a job. Claimant also reapplied for a position with her former employer, appellee herein, to no avail.
On August 4, 1986, the dc entered his third order denying claimant's request for wage-loss benefits on the ground that her circumstances had not changed since the last hearing. We agree with claimant's contention that this was error.
In determining whether a causal connection exists between the industrial injury and subsequent wage-loss, the dc should consider the totality of the circumstances. Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369 (Fla. 1st DCA 1987); Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984). Wage loss benefits are not precluded simply because they occur after a period of successful post-injury employment, even if such employment is terminated for a reason unrelated to the injury. See, Williams Roofing, Inc. v. Moore, supra (claimant laid off for economic reasons); Johnston v. Super Food Services, 461 So.2d 169 (Fla. 1st DCA 1984) (claimant discharged for excessive absenteeism and tardiness); The Western Union Telegraph Company v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987) (claimant suspended for insubordination); Rodriguez v. Sheraton Bal Harbour Hotel, supra (claimant resigned following a dispute with another supervisor).
In the present case, the dc found that claimant had voluntarily limited her income when she quit her job due to general dissatisfaction with her work schedule. This finding, contained in a prior order of the dc which was not appealed, does not warrant a later finding of voluntary limitation of income unless the claimant has failed to conduct an adequate work search for other employment. Here, the claimant has met that requirement by conducting a work search which the dc found to be adequate; and in addition, she has reapplied for a position with her former employer, who did not respond to her application. By taking such action, claimant can no longer be considered as refusing suitable employment which has been offered to her. It is fundamental that entitlement to wage loss benefits must be determined on a month-to-month basis. The dc's denial of wage loss benefits was therefore not justified by the evidence.
Electone, Inc v. Walsh, 447 So.2d 954 (Fla. 1st DCA 1984), cited by appellee and the dc, is distinguishable. In Electone, the *665 employer refuted the employee's statement that she had reapplied for work with the employer, whereas, in the present case, the employee's testimony was uncontradicted. In addition, in Electone, the claimant, unlike the claimant herein, had no physical restrictions placed on her ability to work.
REVERSED.
MILLS and ERVIN, JJ., concur.