MILLS, Judge.
John Glynn appeals from an order of the deputy commissioner denying his claim for temporary partial disability (TPD) benefits and wage loss benefits at the actual wage loss rate rather than at a deemed rate pursuant to Sections 440.15(4)(b) and 440.-15(3)(b)2, Florida Statutes (1983). We affirm in part and reverse in part.
After fracturing his left knee in May 1984, Glynn was unable to return to his employment with McKenzie Tank Lines (E/C) as a tractor/trailer driver. After a failed attempt at driving a forklift, Glynn conducted a work search which resulted in two offers of employment, a salaried manual labor-type job and a desk job as an entertainment promoter, with a salary paid on a strict commission basis. Because of his demonstrated post-injury difficulty with manual labor, Glynn accepted the latter position commencing October 1985.
The E/C had commenced paying TPD benefits in March 1985 when Glynn was released to work. In an October 1985 deposition after Glynn’s acceptance of the commission job, the E/C asked him how long he planned to stay in the non-salaried job. Based on Glynn’s response that he would like to “stick it out” until January 1986, the E/C continued paying TPD at the actual wage loss rate through 31 December 1985. When Glynn remained in the job after that date without appreciable earnings and without attempting to secure other, wage-paying employment, the E/C com *697 menced paying TPD as though Glynn were earning minimum wage, in reliance on the deemed earnings provision of Section 440.-15(4)(b):
In the event the employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the salary, wages, and other remuneration the employee is able to earn shall be deemed to be the amount which would have been earned if the employee did not limit his income or accepted appropriate employment.
Glynn reached maximum medical improvement on 5 February 1986 and the E/C continued the setoff for deemed earnings against wage loss benefits. See Section 440.15(3)(b)2. Glynn left the position in July 1986 over a disputed commission.
Glynn immediately commenced a job search of a month’s duration. While he kept no written lists, Glynn testified that he made at least one contact per day, looking for jobs such as bartending, washing boats, hospital janitor and store clerk. The only offer received as a result of this search was as a used car sales trainee with a 15-car lot; again, the salary was strictly commission. Glynn accepted the job in August 1986 and was still employed at it at the time of the October 1986 hearing.
After a hearing on Glynn’s claim for TPD and wage loss benefits based on actual wage loss from 1 January 1986, the deputy found that, based on Glynn’s physical abilities, actual employment performed post-injury, his intellectual level and communication skills, he had been capable of returning to minimum wage employment commencing 1 January 1986. Citing Glynn’s voluntary choice to work instead on a commission basis, earning less than minimum wage, his claim was denied in its entirety.
If a claimant presents evidence of a work search commensurate with his abilities so as to establish prima facie any economic loss, the burden shifts to the employer to show that the claimant either refused work or voluntarily limited his income. Griner-Woodruff, Inc. v. Payne, 457 So.2d 1120 (Fla. 1st DCA 1984); Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985). There is no challenge to the adequacy of the work search preceding Glynn’s initial commission employment. Therefore, the issue in this case is the presence of competent substantial evidence that Glynn thereafter voluntarily limited his income.
In Western Union Telegraph Co. v. Perri, 508 So.2d 765 (Fla. 1st DCA 1987), the claimant did not perform a work search for two months in which he was engaged in the full-time pursuit of a commission real estate business. The deputy found a voluntary limitation of income during those months, and this court affirmed, holding that the evidence supported a conclusion that the claimant’s efforts during that period were not “bona fide or reasonable.”
Similarly, Glynn performed no work search after accepting commission-type employment in October 1985. For the first two months, the E/C paid TPD benefits based on actual wage loss. However, after Glynn worked 60-hour weeks during that period with no generation of any appreciable income, then persisted in the job with no concurrent attempt to locate other, wage-paying employment, the E/C began to deem earnings at a minimum wage rate. Given Glynn’s moderate physical restrictions, age, education and the total absence of remuneration in proportion to time spent, we find that the evidence supports the deputy’s conclusion that Glynn’s efforts between 1 January and 30 June 1986 were not “bona fide or reasonable” and affirm the order insofar as it pertains to that period.
However, voluntary limitation of income for a certain period of time does not perpetually foreclose a claimant’s right to wage loss benefits. When, after a period of voluntary limitation, a claimant reenters the job market and becomes employed at a lesser rate of pay than that he had received in his prior employment, he becomes eligible for wage loss benefits since he has met the initial burden of establishing that the wage loss was the result of a compensable injury, and the E/C must again show affirmative proof that the claimant voluntarily limited his income. City of Miami v. Simpson, 496 So.2d 899, 901 (Fla. 1st DCA 1986).
*698 Here, the evidence shows that after Glynn gave up the initial commission position, he performed an extensive work search, see Ringling Brothers Barnum & Bailey Circus v. O’Blocki, 496 So.2d 947 (Fla. 1st DCA 1986) (the failure to keep a written list does not preclude the finding of an adequate job search if the claimant adduces competent substantial evidence in any form that he made a bona fide effort to obtain work commensurate with his abilities), which resulted in only one job offer, that of commission salesman with a used car lot.
If, after an attempt to obtain employment, the employment accepted by the claimant represents his best opportunity compatible with his post-injury condition, a wage loss award will be affirmed absent evidence of available alternative employment or other proof of voluntary limitation. McDonald Construction Corp. v. Dion, 457 So.2d 592, 593 (Fla. 1st DCA 1984). In this case, the car lot job was Glynn’s only opportunity after his job search. Further, there was no evidence of voluntary limitation after Glynn’s acceptance of the car lot job as there was with the first commission position, i.e. voluntarily remaining in the job for an extended period after it was clear that no appreciable salary would be earned. Here, Glynn had only been in the second commission job for two months at the time of the hearing.
Therefore, based on Glynn’s extensive job search after the January to June 1986 period of voluntary limitation, the absence of alternative employment to the commission position accepted after that search, and on the brief period of employment in that position at the time of the hearing, we reverse the order herein appealed insofar as it deems earnings for the period from 1 July 1986 to the date of the hearing. We express no opinion on the applicability or not of the deemed earnings provision after that date.
SMITH, C.J. and ERVIN, J., concur.