513 So.2d 1364 (1987)
Rosalina BADO, Appellant,
v.
CANTEEN CORPORATION and CNA Insurance Companies, Appellees.
No. BR-273.
District Court of Appeal of Florida, First District.
October 22, 1987.
Daniel W. Engel of Engel and Palgon, and Joseph C. Segor, Miami, for appellant.
Karen M. Gilmartin of Adams, Kelley, and Kronenberg, Miami, for appellees.
BARFIELD, Judge.
The claimant appeals a workers' compensation order finding that she voluntarily limited her income when she failed to report to a job which was within her medical restrictions, and authorizing the employer/carrier to thereafter take a credit *1365 against her monthly wage loss benefits for "deemed earnings." We affirm the finding, supported by competent, substantial evidence in the record, that the claimant voluntarily limited her income, but remand the case to the deputy commissioner for reconsideration of the authorization of credit for deemed earnings.
The claimant was offered a job within her medical restrictions by Burns International Securities (Burns), to begin on Monday, January 27, 1986. She called Burns that morning to say that she would not be coming to work because the prescription pain medication she had taken made her too dizzy to drive. She was told to return the uniforms she had been given, and her rehabilitation counselor thereafter closed her file, informing the carrier that further efforts to place the claimant would be "a waste of your money and our time."
Although the claimant submitted job search lists for the months of February through August, 1986, the carrier deducted $463.48 per month from her wage loss benefits as "deemed earnings" under section 440.15(3)(b)2, Florida Statutes (1983). A claim was filed for the money deducted by the carrier for the period from February through August, and continuing.
In his order, the deputy commissioner denied the claim, finding that the claimant's refusal to take the job with Burns was unreasonable, and that she had therefore voluntarily limited her income. He authorized the employer/carrier to continue taking an offset against the claimant's monthly wage loss benefits based on her "deemed wage figure" (the weekly wages she would have earned if she had accepted the job with Burns, plus the weekly market value of the uniforms which would have been provided).
The claimant asserts that even if the finding that she voluntarily limited her income in January 1986 is upheld, she "purged herself of the taint of that limitation" by conducting a good faith job search in each of the subsequent months during the time period at issue. She argues that the fact that a claimant voluntarily limits her employment for a certain period of time does not perpetually foreclose her right to wage loss benefits, and that the issue is whether her continued unemployment is attributable to her compensable injury.
She points out that the employer/carrier did not challenge the sufficiency of her work search, and asserts that this search satisfied her initial burden of proof under section 440.15(3)(b)2, citing Iverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986). She argues that the order improperly places a permanent penalty on her, regardless of her later good faith efforts to obtain employment. We agree.
The deputy commissioner may apply the "deemed earnings" provision to allow the employer/carrier to decrease the amount of wage loss benefits to which the claimant is otherwise entitled for any month in which he finds that the claimant has voluntarily limited her income. However, the deputy commissioner improperly applied the "deemed earnings" provision to the months following the Burns job offer, during which the claimant apparently performed a job search, without finding that she continued to voluntarily limit her income during those months, i.e., that her work search was not made in good faith. The order indicates that he also improperly applied the "deemed earnings" provision to future wage loss benefits.
In Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984), the court noted that the fact that a claimant was fired from employment obtained subsequent to the industrial injury would not operate to prevent him from showing the requisite causal relationship between the injury and any subsequent wage loss.
In Whalen v. U.S. Elevator, 486 So.2d 670 (Fla. 1st DCA 1986), the claimant was fired from a job for what the deputy commissioner considered to be reasons unrelated to his impairment. The court held that the claimant's ensuing work search was "highly relevant to the claim for later wage loss," noting:
Whatever temporary period of unemployment might be attributable solely to unrelated dislocation would logically end *1366 upon proof of prima facie injury connection by continued wage loss after a good faith job search by one whose employment status has been permanently altered by a compensable impairment which affects his competitive position in the labor market. The burden of proof is thereby shifted on the issue of voluntary limitation of income for each month's wage loss in question.
Id. at 671.
In City of Miami v. Simpson, 496 So.2d 899 (Fla. 1st DCA 1986), rev. den., Simpson v. City of Miami, 506 So.2d 1043 (Fla. 1987), the claimant resigned from his paramedic job for reasons unrelated to his back injury, enrolled in an unauthorized rehabilitation program, and later received a degree and began work as a forester. The court held that the fact that he was not entitled to wage loss benefits while he was enrolled in the rehabilitation program "has no effect on claimant's right to wage-loss once he obtained full time employment as a forester." Id. at 901.
In Western Union Telegraph Company v. Perri, 508 So.2d 765, 766 (Fla. 1st DCA 1987), the court held that the claimant's "good faith full-time work effort as a realtor in December and thereafter ... reestablished his diminished earning abilities for wage loss purposes after the termination of his work for employer in October" and that it was for the deputy commissioner to determine, under all the circumstances, whether the claimant's work efforts were bona fide.
In Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369, 371 (Fla. 1st DCA 1987), the court reversed a denial of temporary partial disability benefits where the claimant, after resigning from his job over a dispute, "immediately commenced an extensive work search for light duty jobs, which search was within the physical limitations established by his treating physician."
In Wilson v. Volusia County School Board, 513 So.2d 671 (Fla. 1st DCA 1987), Judge Wentworth, concurring in affirmance of an order offsetting wage loss benefits based on "deemed earnings," noted:
The order, however, is overbroad insofar as it concludes that because of the voluntary termination "the carrier became entitled to use his deemed earnings in computing his wage loss thereafter" without limitation. The determination of causal relation between the injury and ensuing wage loss clearly remains a fact issue subject to evaluation of work search and other applicable burdens and presumptions for each month following such voluntary limitation.
Id. at 671-672 (cites omitted).
In Mathis v. Lewis Bear Company, 511 So.2d 663 (Fla. 1st DCA 1987), the claimant quit her light duty job with the employer after having been refused a transfer to the day shift. Two previous orders denying her compensation benefits on the ground that she voluntarily limited her income were not appealed. After conducting a work search from October 1985 through June 1986, the claimant was again denied wage loss benefits on the ground that her circumstances had not changed since the last hearing. The court reversed, noting that the deputy commissioner had found the claimant's work search adequate, that she even reapplied for work with the employer, and that, "By taking such action, claimant can no longer be considered as refusing suitable employment which has been offered to her. It is fundamental that entitlement to wage loss benefits must be determined on a month-to-month basis." Id. at 664.
In Old Cove Condo v. Curry, 511 So.2d 666 (Fla. 1st DCA 1987), the court cited Western Union for the proposition that whether a claimant's effort to establish his own business is bona fide and sufficient to substitute for a work search is a factual determination, and found that the deputy commissioner did not abuse his discretion in awarding wage loss benefits for the period during which the claimant "was actively and productively self-employed."
In Glynn v. McKenzie Tank Lines, 511 So.2d 696 (Fla. 1st DCA 1987), the deputy commissioner denied a claim for temporary partial disability and wage loss benefits at the actual wage loss rate rather than at a *1367 deemed rate pursuant to sections 440.15(4)(b) and 440.15(3)(b)2, Florida Statutes (1983), finding that the claimant had been capable of returning to minimum wage employment and had instead accepted work on a commission basis, earning less than minimum wage. The court found that the evidence supported the deputy's conclusion that Glynn's efforts between January and June 1986 were not "bona fide or reasonable," but noted that voluntary limitation of income for a certain period of time does not perpetually foreclose a claimant's right to wage loss benefits. It found that the evidence showed that after the claimant gave up the initial commission position, he performed an extensive work search which resulted in only one job offer, that of commission salesman with a used car lot. The court reversed the application of the "deemed earnings" provision to this later period, holding: "If, after an attempt to obtain employment, the employment accepted by the claimant represents his best opportunity compatible with his post-injury condition, a wage loss award will be affirmed absent evidence of available alternative employment or other proof of voluntary limitation." Id. at 698.
The deputy commissioner's finding that claimant voluntarily limited her income by refusing the job with Burns is AFFIRMED. The portion of the order authorizing application of the "deemed earnings" provision to wage loss benefits for February 1986 and continuing is REVERSED and the case is REMANDED to the deputy commissioner for reconsideration of this issue in light of the cases cited in this opinion, and for specific findings on the question of whether, for the month of February 1986 and for each month thereafter, claimant performed a good faith job search, or whether she continued, by her actions or omissions, to voluntarily limit her income.
BOOTH and WIGGINTON, JJ., concur.