PER CURIAM.
This cause is before us on appeal of a final order denying claimant’s request for wage-loss benefits, redetermination of average weekly wage, and determination of permanent impairment. Claimant is a 47-year-old man who has worked in a variety of managerial positions. While working for Union Oil in 1984, he suffered a lower-back injury while carrying a heavy object. Although he missed little work, he remained under medical care for months. Testimony conflicts whether he suffered permanent impairment.
In August 1985, claimant's job was eliminated. The record reflects that the job was eliminated because it did not produce profits, rather than because claimant was not performing well. Claimant, however, was not offered a different position with the company. He immediately secured new managerial employment at slightly higher pay but was laid off in December 1985 after all his employees resigned and left him with no one to supervise. Claimant searched for employment from January to mid-March 1986, and although he did not mention his back condition to prospective employers, he was unable to find a job. He subsequently filed for wage-loss benefits from January to March 18, 1986, and for a determination of his correct average weekly wage and whether he had suffered a permanent impairment.
The deputy commissioner found that claimant did not demonstrate that any wage loss was due to a work-related physical impairment, and competent, substantial evidence supports the finding. However, the deputy also held that it was unnecessary to set a permanent impairment rating and rule whether claimant’s average weekly wage was higher than that set by the employer/carrier, because his finding that wage loss was unrelated to the work injury rendered the issues “moot.”
Claimant correctly argues on appeal that even if he lost his job solely for economic reasons unrelated to any injury, he is still eligible for wage-loss benefits if he can show that he has a work-related disability which precludes subsequent employment within his preexisting abilities. Williams Roofing, Inc. v. Moore, 447 So.2d 968, 972 (Fla. 1st DCA 1984); Whalen v. U.S. Elevator, 486 So.2d 670, 671 (Fla. 1st DCA 1986); City of Miami v. Simpson, 496 So. 2d 899, 901 (Fla. 1st DCA 1986); Oxford Building Service v. Allen, 498 So.2d 523, 524 (Fla. 1st DCA 1986). Although, as stated above, we agree with the deputy’s determination that claimant did not satisfy his burden of proof for the period in question, it is conceivable that claimant may file future claims for wage-loss benefits and attempt to prove them. Consequently, claimant’s correct average weekly wage and whether he has a permanent impair *951 ment were not mooted by the ruling on the period already claimed.
Accordingly, we remand the case to the deputy commissioner for clarification of his order by making findings on the average weekly wage and permanent impairment issues.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.