523 So.2d 680 (1988)
Gregory Lee SPARKS, Appellant,
v.
ALUMA SHIELD INDUSTRIES and Claims Center, Appellees.
No. BR-299.
District Court of Appeal of Florida, First District.
March 23, 1988.
Rehearing Denied May 3, 1988.
Edward H. Hurt, Jr. of Hurt and Parrish, P.A., Orlando, and Bill McCabe of Shepherd, McCabe and Cooley, Orlando, for appellant.
F. Bradley Hassell of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellees.
PER CURIAM.
This cause is before us on appeal of an order denying claimant wage-loss benefits for July and August 1986. Claimant is a 32-year-old mechanical parts assembler, who began working for the employer in 1981 as a shipping clerk. In 1981 and 1983, he was compensably injured. Following the injuries, he was placed on lighter duty as an assembler in the machine shop. He has a ten percent permanent impairment rating.
In July 1986, a large part of the employer's work force was on vacation. Consequently, there was more work than employees. To solve this problem, the employer temporarily assigned many of its employees to different departments. Claimant was asked to temporarily work in the trim shop and, after one day's work, returned to his assembly job without asking permission. When the plant manager found him and asked him to return to the trim shop, he refused. What happened next was disputed, but claimant was ultimately fired for insubordination. The deputy commissioner found that claimant's termination was justified and, consequently, found that any wage loss for July and August 1986 was not causally related to claimant's work-related impairment. The deputy made no findings on the adequacy of claimant's job search.
The record contains ample competent, substantial evidence supporting the deputy's ruling that claimant was justifiably fired. However, claimant correctly contends that the law does not end the inquiry there. Even if a worker is justifiably fired or is otherwise terminated for reasons unrelated to his injury, he may still be eligible for wage-loss benefits if his injury left him with a condition which prevents him from obtaining employment within his abilities at his prior wage. See *681 Williams Roofing, Inc. v. Moore, 447 So.2d 968, 972 (Fla. 1st DCA 1984); Superior Pontiac v. Hearn, 458 So.2d 1197, 1199 (Fla. 1st DCA 1984); Oxford Building Service v. Allen, 498 So.2d 523, 524 (Fla. 1st DCA 1986); City of Miami v. Simpson, 496 So.2d 899, 901 (Fla. 1st DCA 1986); Whalen v. U.S. Elevator, 486 So.2d 670, 671 (Fla. 1st DCA 1986). Because the record and the deputy commissioner's order clearly show that the deputy believed that the only issue was whether claimant was justifiably fired, we must reverse and remand for a determination of whether claimant's post-termination wage loss was related to his work-related impairment. In this connection, we hold that the deputy is not precluded from taking additional evidence. See Whalen v. U.S. Elevator, supra at 671.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.