529 So.2d 1201 (1988)
CERTIFIED GROCERS and United Self-Insured Services, Appellants,
v.
Kieren CONERTY and Crump Special Services, Appellees.
No. 87-707.
District Court of Appeal of Florida, First District.
July 22, 1988.
*1202 Charles D. Hood, Jr., of Cobb & Cole, Daytona Beach, for appellants.
Dorothy Clay Sims, of Chalkey & Sims, Ocala, for appellees.
WENTWORTH, Judge.
Employer/servicing agent appeal a workers' compensation order by which claimant was awarded wage loss benefits, with penalties and interest. We find that claimant established the necessary causal relation for the wage loss award, but that the award should not have been made "continuing." We also find that claimant's delay in submitting wage loss forms should not have been excused prior to September 1986 and in the circumstances such delay precludes an award of benefits for wage loss reportable in earlier months.
Claimant was working as the employer's frozen food and dairy department manager when he injured his knee in 1981. The injury was diagnosed as a tear of the medial meniscus, and two surgical procedures were performed after which claimant attained maximum medical improvement with a residual permanent impairment rated as 12% of the leg. Claimant continued in the same employment but his knee would occasionally swell or "give out," and his job required him to sometimes enter freezer units where the cold environment aggravated his knee condition. Claimant's doctor advised the employer that claimant should be transferred to a position which did not involve a cold environment, and claimant was then transferred to the salvage department. While working in this capacity in 1985 claimant's knee "went out" while he was climbing stairs, and he was again seen by his physician. The doctor indicated that this was a temporary exacerbation from which claimant recovered without any increased impairment. Claimant continues to *1203 experience difficulties with his knee giving way and swelling, and walking on concrete or climbing stairs worsens his condition.
In addition to working in the employer's salvage department claimant opened a bar, and later in 1985 he resigned from his job with the employer, advising by letter that:
Due to outside interests I feel that I am no longer able to give my position the attention that it needs. Frequent scheduling changes have made it almost impossible for me to keep my business going and give my job here the attention it needs.
Claimant explained that the employer had been changing his schedule on extremely short notice, making it difficult for him to coordinate the scheduling of himself and other employees at his bar. While conceding that his knee injury did not preclude him from working for the employer, claimant noted that his work at the bar was less physically strenuous. After his resignation claimant operated the bar for slightly over a month, at which time he discontinued this business venture.
After closing his bar claimant began looking for other work, but did not obtain employment until November 1986. He then sought wage loss benefits dating back to August 1985, submitting wage loss forms and job search lists detailing numerous potential employment contacts. Claimant explained his delay in submitting the forms by noting that when he resigned the employer had not furnished him with any wage loss information.
After a hearing the deputy commissioner determined that the employer's failure to supply claimant with forms or information excuses claimant's delay in submitting the wage loss forms. Finding that claimant sustained a compensable wage loss, the deputy ordered that such benefits be paid, with penalties and interest, "from August 1, 1985, and continuing."
The failure to timely file wage loss forms may be excused to the extent that an employer neglects to promptly furnish such forms and provide information as to the obligations which Chapter 440 imposes in this regard. See Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981). However, the record in the present case indicates that the employer initially complied with this duty when claimant was injured in 1981. Evidence as to subsequent events did not place employer on notice of a claim or need for further wage loss information when claimant resigned in 1985. Such notice may, however, be imputed as of September 1986, after claimant made inquiry in August 1986 with regard to wage loss entitlement and sought medical care for his knee. Since the employer did not then promptly furnish the necessary forms and information, subsequent untimeliness in filing wage loss forms was properly excused. But claimant's inordinate delay during the period prior to September 1986 should not have been excused, and the resulting prejudice to the employer's right and duty to monitor the claim in these circumstances precludes the award of benefits for earlier months.
Even though claimant had terminated employment for reasons which he designated as personal, wage loss benefits for later periods are appropriate insofar as his residual impairment was a contributing cause of such loss. See e.g., Oxford Building Service v. Allen, 498 So.2d 523 (Fla. 1st DCA 1986); Whalen v. U.S. Elevator, 486 So.2d 670 (Fla. 1st DCA 1986). The necessary causal relation may be inferred from an extensive but unavailing work search by one suffering from permanent impairment resulting from a compensable injury, in accordance with City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), rev. denied 458 So.2d 271 (Fla. 1984), and that relationship is primarily a question of fact dependent upon the circumstances. See Allen, supra. The permitted inference arises insofar as claimant's employment status has been permanently altered by a compensable impairment affecting his competitive position in the labor market. See Whalen, supra; also see City of Miami v. Simpson, 496 So.2d 899 (Fla. 1st DCA 1986). In the present case, as in Simpson, although claimant voluntarily resigned from his employment the compensable permanent impairment *1204 was a limiting factor in the jobs which claimant could perform. This circumstance and claimant's substantiated work search, ultimately producing employment which accommodated his impairment, establish the necessary causal relation to support an award of wage loss benefits commencing in September 1986.
In contradiction of a causal relation appellant notes the absence of affirmative evidence that claimant's job rejections were related to his impairment, relying in part upon claimant's response to an inquiry on cross examination:
Q... . [C]an you tell me any jobs that you know of for sure that you didn't get because of your knee . .. ?
A. I cannot say, to be honest.
No further inquiry was made in that direction, and the wage loss forms in evidence do not require reporting of any information as to notice of impairment to prospective employers. Such notice therefore should not be imposed as a necessary condition for job search effectiveness in establishing a prima facie causal relation for wage loss in the circumstances of this case.
The deputy's order for continuing wage loss benefits does not comport with the statutory characterization of wage loss as a monthly benefit. See Veteran's Septic Tank Service v. Wallace, 445 So.2d 389 (Fla. 1st DCA 1984). The order is accordingly construed as one continuing only so long as such benefits are proper under the statute.
The order appealed is reversed insofar as it excuses claimant's failure to file wage loss forms prior to September 1986 and awards compensation, with penalties and interest, for wage loss reportable in earlier months. The order is otherwise affirmed and the cause remanded.
ZEHMER and BARFIELD, JJ., concur.