WENTWORTH, Judge.
Appellant seeks review of a May 21,1987 workers’ compensation order by which his claim for temporary partial disability benefits, wage loss benefits, and rehabilitative evaluation was denied. We affirm.
On the issue presented here as to voluntary limitation of income, the order finds:.
[T]he claimant returned to work for the employer in June of 1984, and continued to work there on a full time basis making at least as much, if not more money, than he was making at the time of his injury. On November 13, 1985, the claimant voluntarily terminated his employment with Kent Ewing Enterprises, Inc. A couple of months later, the claimant obtained employment with another landscaping firm and was paid $7.00 per hour, and was able to fulfill the requirements of his job duties. After working there for approximately two months, the claimant again voluntarily terminated his employment and left the state to move to New Jersey. After residing in New Jersey for a relatively short period of time, the claimant returned to Florida, and worked at various labor-type jobs until he was injured on a construction job. The claimant is not presently working due to that injury. The fact that a injured employee is terminated from his employment either voluntarily or involuntarily, is not dispositive of the issue of whether or not that employee is entitled to wage loss benefits. The Deputy Commissioner is required to consider the totality of the evidence to determine whether or not the injured employee’s physical impairment is playing some part in the causal chain resulting in or contributing to the wage loss. I find under the particular circumstances of this case that the claimant’s actions of voluntarily terminating his employment from two jobs that were paying him as much or more as the amount he was making at the time of his injury amounts to a voluntary limitation of his income and that the claimant has a deemed earning capacity of at least $316.27 per week, the amount that Ken Ewing Enterprises, Inc. paid to the claimant upon his return to work. This finding of voluntary limitation of income and a deemed earning capacity is made only for the period from November 13, 1985 to March 9, 1987. Therefore, I find that the claimant is not entitled to payment of temporary partial disability benefits and/or wage loss benefits for the period of time from November 13, 1985 to March 9, 1987.
I find that the claimant’s claim for a rehabilitation evaluation is premature at this time. Due to the prior findings that the claimant has voluntarily limited his employment and has a deemed earning capacity up to March 7, 1987, the claimant has made no showing that his injury has precluded him from earning wages equal to wages earned prior to his injury. Additionally, the claimant testified that he injured himself in another industrial accident on or about March 9,1987 and is presently not working due to that injury. It would be speculation at this point to determine whether or not the claimant will have any loss of wages due to his November 17,1983 industrial injury upon his return to the open labor market. Likewise, if the claimant did have any *226 wage loss upon his return to the open labor market following his recovery from his most recent industrial accident, it would be speculation in trying to determine at this point as to what part of his wage loss would be due to his November 17, 1983 injury and what part might be due to his most recent injury. Therefore, the claim for a rehabilitation evaluation is denied.
This court has found with respect to wage loss after voluntary termination of employment:
Whatever temporary period of unemployment might be attributable solely to unrelated dislocation would logically end upon proof of prima facie injury connection by continued wage loss after a good faith job search by one whose employment status has been permanently altered by a compensable impairment which affects his competitive position in the labor market. The burden of proof is thereby shifted on the issue of voluntary limitation of income for each month’s wage loss in question.
Whalen v. U.S. Elevator, 486 So.2d 670 (Fla. 1st DCA 1986), citing City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). In the present case, the deputy commissioner recognized that “[t]he fact that a[n] injured employee is terminated from his employment ... is not dispositive of the issue of whether or not that employee is entitled to wage loss benefits.” Although there is no explicit finding in the order that appellant’s wage loss (during the lengthy period in which he searched for work following his March 1986 voluntary termination from Pala Nurseries) was unconnected to his permanent impairment, the denial of wage loss benefits for that period is affirmed on consideration of evidence that the treating doctor assigned appellant a 5% permanent impairment of the lower extremity but placed no restrictions on his activities and told him to return to work. Despite the lack of restrictions or other evidence of incapacity such as unsuccessful good faith work efforts, appellant stated he looked only for light work and did not take certain jobs offered to him because he felt he could not have done the work. The order is accordingly affirmed as one finding no causal connection on the basis of voluntary limitation.
We find, as to other issues argued by appellant, that the order adequately explains denial of rehabilitation benefits as premature, and that reversible error is not shown as to wage computation because the pension and profit sharing benefits in question were not vested at the time of the accident, and proof as to the value of claims for vacation, bonus and interest-free loan benefits, as well as free beer, was insufficient to compel their inclusion.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.