BOOTH, Judge.
This cause is before us on appeal from an order of the deputy commissioner granting wage-loss benefits and attorney fees.
Claimant, Peggy Powell, a 51-year-old registered nurse and certified insurance rehabilitation specialist, injured her neck and back on November 25, 1985, in a work-related automobile accident in which she was driving a car owned by her employer. Pri- or to the accident, claimant had a history of neck and back problems. She initially developed back problems while she was in her twenties and has had back problems on and off due to stress. Additionally, she injured her neck in a car accidents in 1967 and 1978. After the 1978 accident, she had to wear a neck collar and was diagnosed as having osteoporosis. About eight months prior to her November 25, 1985, accident, claimant was treated by chiropractors Dr. Joseph Fuller and Dr. Daniel J. Pavlik, for exacerbation of her 1978 injuries. Subsequent to her industrial accident of November 25, 1985, claimant was also involved in another automobile accident in which she reinjured her neck and filed a personal injury protection claim. Dr. Fuller treated her for her accident of July 28, 1986, and increased her physical restrictions as a result of the subsequent injury.
After her November 25, 1985, accident, claimant received treatment from Dr. Fuller and returned to work. Dr. Fuller testified that claimant had reached maximum medical improvement on July 18, 1986, assigned her a five-percent permanent partial impairment rating, and imposed restrictions on the amount of lifting, bending, and sitting claimant could do. She continued working for the instant employer until she quit in May 1986 for reasons unrelated to her work-related accident. Claimant took the month of June off and began working for Employee Rehabilitation Services, Inc. as an independent contractor in July 1986. She worked for them until May 1987, at which time she went on a leave of absence. She testified that she took the leave because of pain in her back, stress from the job, her family situation, and problems with her supervisor. Her letter requesting the leave, however, never mentioned that her reason for taking the leave was related to her work-related injury. Her supervisor, Ronald Warble, testified that claimant never told anyone at the second employer that her industrial injury had anything to do with her departure and indicated that claimant’s restrictions would not interfere with claimant’s work.
During the months of June, July, and August 1987, claimant worked in her family’s greenhouse and sold plants. After an unsuccessful venture in the nursery business, however, she performed a job search from September 1987 through January 1988, and began a part-time job as a reha *968 bilitation nurse in February 1988. After finding that claimant did not voluntarily limit her income and conducted adequate job searches, the deputy commissioner awarded wage-loss benefits to the claimant for the months of May 1987 through January 1988. On appeal, the employer contends that claimant failed to prove a causal relationship between her industrial accident and her wage loss. We are in agreement with the employer.
Section 440.15(3)(b)(2), Florida Statutes (1985), provides:
[T]he burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury. It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment.
As this court noted in Electone, Inc. v. Walsh, 447 So.2d 954 (Fla. 1st DCA 1984), evidence of claimant’s injury, her good-faith job search, and her wage loss was insufficient to support a claim for wage-loss benefits absent evidence of a causal relationship between claimant’s industrial accident and her wage loss. Although several cases have held that claimant’s testimony may constitute competent, substantial evidence sufficient to support a wage-loss claim, claimant’s testimony in the present case is insufficient to support a wage-loss claim based on the totality of the evidence. Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988); Inverson v. Holy Cross Hospital, 498 So.2d 620 (Fla. 1st DCA 1986); Storage Technology Corp. v. Philbrook, 448 So.2d 42 (Fla. 1st DCA 1984); Square G Construction Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982).
Claimant’s physician assigned a five-percent permanent partial impairment rating to claimant and put several restrictions on her activities. However, claimant’s supervisor testified that claimant’s restrictions in no way interfered with her job. Claimant’s duties included arranging physicians’ appointments, meeting with attorneys and employers, and attempting to get injured workers back to health and back to work. Her position involved no manual labor. Her supervisor also testified that claimant never told anyone at her second employer that her industrial accident had anything to do with her departure.
Although claimant testified that her back injury and wage loss resulted from her industrial accident, she has supplied no evidence to corroborate her testimony. In .fact, she testified that she has experienced back pain on and off since she was 20, that she was taking medication and was being treated for back pain before her accident, and that she had been in two accidents in which she injured her back and neck before her November 25, 1985, accident, and one automobile accident after her industrial accident. Claimant never established that her back pain and wage loss were the result of her industrial accident.
Accordingly, we reverse and remand for proceedings consistent herewith.
JO ANOS and MINER, JJ., concur.