PER CURIAM.
We affirm the Judge of Compensation Claims’ finding that the claimant was terminated for reasons unrelated to his injury on the job. However, that does not fully resolve the claimant’s alleged entitlement to temporary partial disability benefits. See Sparks v. Aluma Shield Industries, 523 So.2d 680 (Fla. 1st DCA 1988)(holding that even if a claimant is justifiably fired or terminated for reasons unrelated to a compensable injury, that claimant may still be eligible for wage-loss benefits if the injury prevented him from obtaining employment within his abilities at his prior wage); Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 684 (Fla. 1st DCA 1997)(holding that a claimant may still be entitled to benefits if a compensable injury prevented him from acquiring employment within his abilities at his previous wage); Vencor Hosp. v. Ahles, 727 So.2d 968, 969 (Fla. 1st DCA 1998)(noting that section 440.02(11) defines “disability” as the “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.”).
Therefore, we reverse and remand for the JCC to make additional findings regarding whether or not the claimant’s com-pensable injury impaired his ability from March 1, 1997, through May 15, 1997, to obtain employment within his abilities at his prior wage.
Affirmed in part and reversed and remanded in part.
ERVIN, KAHN and POLSTON, JJ., concur.